**John Calhoun WELLS, Commissioner of Labor and Custodian of the Special Fund, Successor to Eugene F. Land, Movant,**

v.

**Alonzo ESTRIDGE, United States Steel Corporation, and Workers' Compensation Board, Respondents.**

Supreme Court of Kentucky.

Dec. 28, 1982.

Rehearing Denied March 9, 1983.

**42**

---

Gemma M. Harding, Deputy Gen. Counsel for Appeals, Louisville, for movant.

John E. Anderson, Cole, Cole & Anderson, Barbourville, for Alonzo Estridge.

William A. Rice, Harlan, for U.S. Steel Corp.

Gerald V. Roberts, Frankfort, for respondents.

AKER, Justice.

Movant, John Calhoun Wells, Commissioner of Labor and Custodian of the Special Fund, hereinafter referred to as The Special Fund, appeals from a judgment of the Harlan Circuit Court which affirmed an opinion and award of the Worker's Compensation Board refusing to enforce KRS 342.-800 to reduce "lifetime" benefits to the respondent, Alonzo Estridge, because respondent had subsequently been awarded federal black lung benefits. The Court of Appeals affirmed the judgment of the circuit court, we granted discretionary review, and now affirm the decision of the Court of Appeals.

The Worker's Compensation Board, pursuant to an opinion and award entered October 9, 1978, awarded Alonzo Estridge "lifetime" benefits in the amount of $104 per week due to his total and permanent occupational disability resulting from coal workers' pneumoconiosis. The Board apportioned the award among the employer, United States Steel Corporation, The Special Fund, and the Coal Miners' Pneumoconiosis Fund, with the employer liable for only 20% of the award and the Special Fund liable for 40%. Subsequently Estridge was found to be eligible for federal black lung benefits under the Federal Coal Miners' Health and Safety Act. When the Fund learned of Estridge's eligibility for federal black lung benefits, the Fund sought a reduction in state benefits pursuant to KRS 342.800 which provides as follows:

Application to claims—filing under Federal Coal Mine Health and Safety Act—Acts 1976, Ch. 160, and the other sections of KRS Chapter 342, shall be effective on July 1, 1976 for all claims based upon an injury or last exposure which occurs on or after that date; provided, however, that in the event the Federal Coal Mine Health and Safety Act provides that claims covered by the provisions of KRS Chapter 342 may also be filed with a Federal Agency, then, in that event, the increase in benefits provided by Chapter 78, 1972 Acts shall not apply to any individual claim under KRS Chapter 342, if benefits are awarded to and are received by that particular claimant under such Federal law. The benefits under the law in effect prior to the effective date of Chapter 78, 1972 Acts shall be given for any payments made in excess of the benefits provided for under that Act. Anyone who files a claim under this Chapter for coal workers' pneumoconiosis or silicosis benefits must also file and pursue in good faith a claim under the Federal Coal Mine Health and Safety Act. (Enact. Acts 1976, Ch. 160 Sec. 11.)

The Board refused to decrease Estridge's benefits with the following reasoning:

\*　　\*　　\*　　\*　　\*　　\*

(6) KRS 342.800, which became effective on July 1, 1976, for all claims based upon a last exposure subsequent to said date, provided that Section 37, Chapter 78 of the 1972 Acts did not apply to any claim under KRS 342, if benefits are awarded to and are received by that particular claimant under the Federal Law.

(7) The Board believes that this statute requires that a claimant must be awarded Federal Black Lung Benefits under the Federal Act and must have received and be receiving benefits under such Federal Act before 'the Plaintiff's State Award' will be reduced pursuant to KRS 342.800.

(8) In the instant case, the Plaintiff is receiving $104.00 per week in State Benefits, which is $450.67 per month, and under the Federal Act, his benefits are $381.00 per month. As a result thereof, he has not received and is not receiving any Federal Benefits. Until such time as his Federal Benefits exceed the State Benefits, he will not be entitled to receive any Federal Benefits; and therefore, his State Benefits shall be payable at the rate of $104.00 per week. To allow the State Benefits to be reduced before the Federal Benefits exceed the State Benefits would result in the Plaintiff receiving less benefits than he was awarded. If his benefits were to be reduced, he would receive $81.00 per week, or $351.00 per month from the State Award, and $30.00 per month from his Federal Award, making the total amount received $381.00 per month, which is $69.67 less per month than he is presently receiving. The Board does not believe that this was the intent of the Legislature, but believes that the intent was to continue to pay the Plaintiff his State Benefits without reduction until such time as the amount awarded under the Federal Act exceeds the amount payable under the State Act. . . .

The Special Fund argues rather vociferously that KRS 342.800 mandates a reduction in state benefits to Estridge because Estridge was eligible for federal black lung benefits even though he did not receive them because of a dollar-per-dollar set-off of the federal black lung benefits against his state benefits. The Special Fund ignores the specific language of KRS 342.800 which directs that Estridge "receive" benefits before the reduction is activated and Estridge will never "receive" federal benefits until such time as the dollar amount of federal benefits exceed the state benefits.

The Special Fund supports its argument by citing *Maggard v. International Harvester Company,* Ky., 508 S.W.2d 777 (1974); *Chapman v. Eastern Coal corporation,* Ky., 519 S.W.2d 390 (1975); and *Fugate v. United States Steel Corporation,* Ky., 528 S.W.2d 691 (1975); which apply to the reduced benefits under Chapter 342, enacted in 1972 and effective January 1, 1973. The present statute under discussion became effective July 1, 1976, and its specific language prohibits the applicability of the cases cited by the Fund.

In actuality, there is nothing to interpret or construe in looking at KRS 342.800. It means exactly what it says and we agree wholeheartedly with the logic of the Worker's Compensation Board cited above. Federal black lung benefits must be "received" before the reduction provided for in KRS 342.800 is effected—i.e., federal black lung benefits must exceed state benefits.

Therefore, the decision of the Court of Appeals and the judgment of the Harlan Circuit Court are affirmed.

All concur.