Pearl CAMPBELL, Appellant,

v.

BLUE DIAMOND MINING, INC., John Calhoun Wells, Secretary Labor Cabinet, (Successor to Thelma L. Stovall, Commissioner of Labor Special Fund), Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1985.

Alva A. Hollon, Jr., Hazard, for appellant.

Maxwell P. Barret, Hazard, John E. Stephenson, Labor Cabinet, Louisville, for appellees.

Before COMBS, HOWERTON and LESTER, JJ.

LESTER, Judge.

This is an appeal from an order of the Perry Circuit Court remanding the appellant's claim for benefits to the Workers' Compensation Board.

There is no dispute that the appellant is totally and permanently disabled due to the occupational disease of pneumoconiosis and the only issue confronting this Court is whether the amount of the appellant's benefits should be reduced under the provisions of KRS 342.800. We do not believe that that statute is applicable to the facts of this case and therefore, we reverse the judgment.

By order of the Workers' Compensation Board dated October 3, 1983, the appellant, Pearl Campbell, was found to be 100% permanently disabled on account of the occupational disease of pneumoconiosis. November 5, 1982, was set as the effective date of the award and the Special Fund ordered to make weekly payments of $190.75 to the appellant. The appellee/employer, Blue Diamond Mining, Inc., was ordered to make weekly payments of $63.58. In total, the appellant was awarded monthly benefits of $1,017.32 under the Workers' Compensation Act.

Shortly after the rendition of this opinion and award, the appellee/employer filed a motion to reconsider with the Board on the grounds that the amount of benefits accorded to the appellant had been improperly calculated without reference to KRS 342.800, which reads:

Acts 1980, chapter 104 and the other sections of KRS Chapter 342, shall be effective on July 15, 1980 for all claims based upon an injury or last exposure which occurs on or after that date; provided, however that in the event the federal coal mine health and safety act provides that claims covered by the provisions of KRS Chapter 342 may also be filed with a federal agency, then, in that event, the increase in benefits provided by Acts 1980, chapter 104 shall not apply to any individual claim under KRS Chapter 342, *if benefits are awarded to and are received by that particular claim-ant under such federal law.* For those claims, the benefits under this chapter shall be sixty-six and two-thirds percent (66⅔%) of the employe's average weekly wage but not more than seventy-five percent (75%) of the average weekly wage of the state as determined in KRS 342.-740. Anyone who files a claim under this chapter for coal-workers pneumoconiosis or silicosis benefits must also file and pursue in good faith a claim under the federal coal mine health and safety act. (Emphasis added).

KRS 342.800 was implicated, according to the appellee/employer, due to the fact that on January 13, 1983, the appellant had received an award of $457.40 per month under the Federal Coal Mine Health and Safety Act, 30 *U.S.C.S.* § 901 et seq. (1979). Like the appellant's workers' compensation benefits, this earlier award under the federal law was to be applied retroactively to November 1982. The employer therefore argued that, as the appellant had been awarded and was receiving his federal benefits at the time of the Board's rendition of its own opinion and award, KRS 342.800 was applicable and the amount of the appellant's workers' compensation benefits was limited by that statute to a maximum of 75% of the state average weekly wage, or $190.75 per week. The Workers' Compensation Board, however, overruled the motion to reconsider and Blue Diamond Mining sought review by the Perry Circuit Court. That tribunal agreed with the argument and reversed and remanded to the Board for specific findings and rulings regarding the applicability and effect of KRS 342.800. The appellant has since brought this appeal before this Court.

■ In Kentucky, the test for the applicability of the "off-set" provisions to situations in which a claimant has received favorable adjudications on both his state workers' compensation claim and his federal black lung claim is contained in *Wells v. Estridge*, Ky., 646 S.W.2d 41 (1982). While the facts in *Estridge* differ from those in the instant appeal in that the determination that Estridge was eligible for black lung benefits was made *after* the award of state

benefits under KRS Chapter 342, we regard that distinction immaterial and instead focus upon the following language:

Federal black lung benefits must be *"received"* before the reduction provided for in KRS 342.800 is effected—i.e. *federal black lung benefits must exceed state benefits. Estridge, supra,* at 43. (Emphasis added).

In the instant appeal, the appellant was accorded $457.40 per month, dated from November 1982, in federal black lung benefits, as compared with $1,017.32 per month in state workers' compensation benefits, to be timed from the same date. Clearly, the state award far exceeds the federal award in amount thereby rendering KRS 342.800 ineffective to reduce the level of the appellant's workers' compensation benefits under the technical requirements established under prior case law.

More important to our decision today is our perception of the underlying purpose of "off-set" statutes such as KRS 342.800. We believe that in enacting KRS 342.800, our legislature did not intend to create a blanket means by which workers' compensation benefits for pneumoconiosis could be reduced, but rather, desired to prevent the unjust enrichment of claimants in such cases by foreclosing a simultaneous recovery under state compensation laws and federal black lung statutes. Such a purpose is not implicated in the instant appeal as the appellant's eligibility for continued receipt of his federal benefits was by law terminated by the favorable result before the Workers' Compensation Board. That result is mandated by 30 *U.S.C.S.* § 922(b) (1979), which reads in part:

... [B]enefit payments under this section to a miner or his widow, child, parent, brother, or sister *shall be reduced,* on a monthly or other appropriate basis, *by an amount equal to any payment received* by such miner or his widow, child, parent, brother, or sister *under the workmen's compensation,* unemployment compensation, or disability insurance *law of his State* on account of the disability of such miner due to pneumoconiosis.... (Emphasis added).

Under this statutory framework, therefore, the appellant was immediately disqualified from any further recovery under the federal black lung laws. Furthermore, judging from various materials issued by the Federal Department of Labor regarding this matter, the fact that our state's Workers' Compensation Board ordered its award to be effective as of November 1982, has made it necessary for the appellant to reimburse the appropriate authorities for any compensation received under the federal black lung program for that same time period. As a result of this requirement, the appellant in a very real sense will never have received benefits under the federal statutes so as to bring KRS 342.800 into operation. Federal law therefore has already fulfilled the purpose of KRS 342.800 by precluding the appellant from enjoying an unduly high level of compensation by recovery under both federal and state law. As the Workers' Compensation Board did not err when it failed to reduce the appellant's award pursuant to KRS 342.800, we must reverse the judgment.

All concur.