Alonzo ESTRIDGE and United States Steel Corporation, Appellants,

v.

Thelma STOVALL, Commissioner of Labor and Custodian of the Special Fund, and Co-Administrator of the Coal Miners' Pneumoconiosis Fund and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Sept. 27, 1985.

As Modified Oct. 11, 1985.

Rehearing Denied Jan. 31, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court March 12, 1986.

John E. Anderson, Cole, Cole & Anderson, Barbourville, William A. Rice, Rice, Huff & Hendrickson, Harlan, for appellants.

Gemma Harding, Deputy Gen. Counsel, Louisville, for appellees.

Before HAYES, C.J., and COMBS and HOWERTON, JJ.

HAYES, Chief Judge:

This is an appeal from an order entered by the Harlan Circuit Court, upholding the constitutionality of KRS 342.800 and affirming the order of the Workers' Compensation Board reducing appellant Estridge's black lung benefits under that statute. Appellants argue that the statute as written is unconstitutional because it discriminates unfairly among miners receiving black lung benefits and because it bears no rational relation to the purpose for which it was enacted. We find the statute to be constitutional and affirm the order of the circuit court.

In 1978 the Workers' Compensation Board found Alonzo Estridge to be permanently and totally disabled because of pneumoconiosis, and awarded him $104.00 per week for life. Estridge was also entitled to federal benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. § 901 *et seq.*, but since his state benefits were greater than his federal entitlement, federal benefits were completely offset under the provisions of 30 U.S.C. § 922(b), and Estridge received no federal benefits.

In 1982 Estridge's federal entitlement increased and for the first time became greater than his total state benefits. Estridge began to receive federal benefits equal to the difference between his federal entitlement and his state entitlement, or $6.73 per month, in addition to his regular monthly payments from the state. Under the rule of *Wells v. Estridge*, Ky., 646 S.W.2d 41 (1982), Estridge was now receiving federal benefits, and the Special Fund moved to reduce Estridge's state payment pursuant to KRS 342.800, which states in pertinent part:

[P]rovided, however, that in the event the federal coal mine health and safety act provides that claims covered by the provisions of KRS Chapter 342 may also be filed with a federal agency, then, in that event, the increase in benefits provided by Acts 1980, Chapter 104, shall not apply to any individual claim under KRS Chapter 342, if benefits are awarded to and received by that particular

claimant under such federal law. For those claims, the benefits under this chapter shall be sixty-six and two-thirds percent (66⅔%) of the employe's average weekly wage but not more than seventy-five percent (75%) of the average weekly wage of the state as determined in KRS 342.740. Anyone who files a claim under this chapter for coal workers' pneumoconiosis or silicosis benefits must also file and pursue in good faith a claim under the federal coal mine health and safety act.

The Workers' Compensation Board subsequently reduced Estridge's state entitlement from $104.00 for life to $81.00 per week for 425 weeks. Since this reduction in state benefits would ultimately be replaced by federal benefits, Estridge's net monthly benefits will remain the same. For the employer, U.S. Steel, however, the difference will be substantial. Before the Workers' Compensation Board reduced Estridge's benefits, U.S. Steel paid 20% of the total monthly entitlement, and the Special Fund paid the remaining 80%. Under federal law, however, U.S. Steel will be liable for 100% of any federal benefits. U.S. Steel thus will be liable for 20% of Estridge's state benefits for the remainder of 425 weeks, and for 100% of Estridge's increased federal entitlement during that time. At the end of 425 weeks, Estridge will receive only his federal entitlement, for which his employer, U.S. Steel will remain 100% liable. The application of KRS 342.-800, therefore, results in substantial economic loss to U.S. Steel. Appellant, U.S. Steel, argues that KRS 342.800 is unconstitutional because it works an invidious discrimination as between coal miners who receive federal benefits and those who do not. Furthermore, the statute as written bears no rational relation to its legislative purpose. These arguments are without merit.

 A classification does not violate the principle of uniformity or of equal protection of the laws, if it has a reasonable basis or a rational justification. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). A statutory classification in the area of social welfare is not unconstitutionally arbitrary if it has a legitimate objective and it is rationally related to that objective. *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971). The constitutional protections of due process or equal protection are offended "only if the resultant classifications or deprivations of liberty rest on grounds wholly irrelevant to a reasonable state objective." *Kentucky Association of Chiropractors, Inc., v. Jefferson County Medical Society*, Ky., 549 S.W.2d 817 (1977).

 The purpose of the legislature in enacting KRS 342.800 was, among others, to prevent unjust enrichment of a black lung claimant or double recovery under Kentucky and federal entitlement programs. *See Campbell v. Blue Diamond Mining, Inc.*, Ky.App., 684 S.W.2d 279 (1985). This is clearly a legitimate state objective, and offset provisions such as this one and that in 30 U.S.C. § 922(b) are logical means to accomplish that end. It is not the place of this court to question the wisdom or efficiency of the legislature acting within the constitutional limits of its power. *See Chapman v. Eastern Coal Corp.*, Ky., 519 S.W.2d 390 (1975). We find that KRS 342.800 is constitutional.

Accordingly, the judgment of the circuit court is affirmed.

All concur.