KENTUCKY DEPARTMENT OF EDUCATION, Appellant,

v.

Clarence RISNER, Ira Joe Tussey and Floyd County Board of Education, Appellees.

No. 95–SC–458–T.

Supreme Court of Kentucky.

Jan. 18, 1996.

D. Brent Irvin, Assistant Attorney General, Civil Division, Frankfort, for appellant.

Larry D. Brown, Phillip D. Damron, Prestonsburg, for appellees.

STEPHENS, Chief Justice.

Mr. Risner and Mr. Tussey, appellees, were elected, as parent members, to the school based councils (hereinafter SBC) for Prestonsburg High School and James D. Adams Middle School, respectively. The local superintendent of schools informed both appellees that they were ineligible to serve on either of the SBC because their spouses were both employed as secretaries at the Prestonsburg Grade School. KRS 160.345(2)(a) expressly prohibits school district employees or their spouses from serving as parent members on SBC.

Risner and Tussey were facing imminent removal from the SBC when they filed a petition in Floyd Circuit Court seeking a declaratory judgment and injunctive relief from removal by the school board. The petition challenged the constitutionality of KRS 160.345(2)(a). The Kentucky Department of Education and the Floyd County Board of Education were named in the petition as respondents. Subsequently, the Floyd County Board of Education filed a response to the petition joining Risner and Tussey's request that the court decide the validity of KRS 160.345(2)(a).

The Floyd Circuit Court issued a temporary injunction to enjoin the removal of Risner and Tussey from their respective councils pending the outcome of the constitutional challenge. Subsequently, the trial court, erroneously applying strict scrutiny, found KRS 160.345(2)(a) unconstitutional as a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Pursuant to CR 74.02, this appeal was transferred from the Court of Appeals to this Court.

This appeal, brought by the Kentucky Department of Education, raises the issue of whether the trial court correctly found KRS 160.345(2)(a) in violation of the Equal Protection Clause. We do not find such a violation, and therefore reverse the trial court.

■ Once again this Court is called upon to reiterate the mandate that the General Assembly is constitutionally required to provide for an *"efficient* system of common schools." Ky. Const. § 183 (emphasis added). The essential and minimal characteristics of an efficient school system include monitoring by "the General Assembly to assure they [the schools] are operated with no waste, no duplication, no mismanagement, and with no political influence." *Rose v. Council for Better Education, Inc.,* Ky., 790 S.W.2d 186, 213 (1989). Furthermore, this Court acknowledged that "the specifics of the legislation will be left up to the wisdom of the General Assembly." *Id.* at 214. Since the decision in *Rose,* the General Assembly has made a strong showing of intent to eradicate nepotism within the school districts of the Commonwealth. *See,* KRS 160.345; KRS 160.380. This legislation enjoys a strong presumption of constitutionality. *Rose, supra; Chapman v. Gorman,* Ky., 839 S.W.2d 232, 234 (1992).

■ Specifically, this action challenges KRS 160.345(2)(a) which prohibits the parent members, sitting on an SBC, from being "employees of the district or employees' relatives, nor shall they be a local board member or his spouse." KRS 160.345(2)(a). The SBC consists of two (2) parents, three (3) teachers, and the principal or administrator. *Id.* Appellees maintain this anti-nepotism statute violates equal protection guarantees as it discriminates against only the parent members of the SBC.

■ We find that our decision in *Chapman v. Gorman,* Ky., 839 S.W.2d 232 (1992), is dispositive on this issue. As we noted, "[l]egislative distinction between persons, under traditional equal protection analysis, must bear a rational relationship to a legitimate state end." *Id.* at 239. The constitutionality of KRS 160.345(2)(a) is analyzed using this rational basis test as parents are not a suspect class nor is sitting on a SBC a constitutionally protected fundamental right. *Id.* The statute will only be held invalid if the classification is "totally unrelated to the state's purpose in their enactment, and when there is no other conceivable purpose for their continued viability." *Id.*

Appellees maintain that the rationale of *Chapman* should not apply to their situation due to the differences in levels of authority between a local school board and a SBC. We understand that the school board has authority over the entire district while the SBC only has authority over its individual school. However, those differences do not render the classification irrational. The General Assembly, in fulfilling their constitutional mandate to provide efficient schools, enacted this statute to eradicate the taint of nepotism within the local school districts. As we emphasized in *Chapman,* nepotism is an "irritant to taxpayers, that can create conflicts of interest and adversely affect morale of other employees in the school system." *Chapman, supra* at 240. The SBC is an authoritative body within the local school district. The restriction in KRS 160.345(2)(a) directly addresses the appearance of nepotism within that body, and thus is clearly rationally related to the legitimate goal of the legislature.

Additionally, appellees maintain the classification makes an irrational distinction between the parent members and the teacher, administrator or principal members of the SBC. Equal protection analysis "allows legislatures wide leeway to enact laws that appear to affect similarly situated people differently." *Chapman, supra* at 241. The General Assembly could have easily distinguished parents from the other members for a variety of reasons. For example, any nepotism concerning the teacher and principal members, as employees of the school district, is governed by the hiring and supervisory restrictions found in KRS 160.380. This distinction obviously has a rational basis and does not violate equal protection guarantees.

■ Moreover, contrary to the Floyd Circuit Court's decision, the rational basis test does not require the restriction to be narrowly drawn nor must it be the least restrictive means of achieving the state's interest. These requirements arise from the strict level of scrutiny which is applicable "[o]nly where state action impinges on the exercise of fundamental rights or liberties." *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 51, 93 S.Ct. 1278, 1306, 36

L.Ed.2d 16 (1973). As previously stated, sitting on a SBC is not a fundamental right.

In conclusion, while we recognize the harsh result for the individuals involved in this action, it is not the duty of this Court "to question the wisdom or efficiency of the legislature acting within the constitutional limits of its power." *Estridge v. Stovall,* Ky.App., 704 S.W.2d 653, 655 (1985).

For the foregoing reasons, the Floyd Circuit Court is reversed.

All concur.

MICHAEL E. McGRATH, Special Justice, sitting.

STUMBO, J., not sitting.