2002 ME 161

**PEMBROKE SCHOOL COMMITTEE**

v.

**Donald VEADER.**

**Docket No. Was–02–78.**

Supreme Judicial Court of Maine.

Argued: Sept. 5, 2002.

Decided: Oct. 29, 2002.

Bruce W. Smith, Esq., (orally), Drummond Woodsum & MacMahon, Portland, for plaintiff.

Donald F. Brown, Esq., (orally), Bangor, for defendant.

G. Steven Rowe, Attorney General, Sarah A. Forster, Asst. Attorney General (orally), Augusta, for intervenor State of Maine.

Panel: SAUFLEY, C.J., CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] Donald Veader appeals from a judgment entered in the Superior Court (Washington County, *Mead, J.*) granting the Pembroke School Committee a perma- nent injunction prohibiting Veader's ser- vice on the Committee and declaring his seat vacant. Veader contends that the Superior Court erred in finding that 20–A M.R.S.A. § 1002(4) (Supp.2001), which pro- hibits his service on the Committee while another school within the same school un- ion employs his spouse, does not violate his and the voters' constitutional rights.[1] Al- though Veader has standing to assert the constitutional rights of Pembroke voters, section 1002(4) does not unconstitutionally restrict either their or his First and Four- teenth Amendment rights to free speech, association, and equal protection.

■ [¶ 2] Because candidates' and voters' rights are inextricably bound, *Anderson v. Celebrezze,* 460 U.S. 780, 786, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983) (cit- ing *Bullock v. Carter,* 405 U.S. 134, 143, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972)), Veader has standing to assert the Pembroke vot- ers' constitutional rights. *See Mancuso v. Taft,* 476 F.2d 187, 190 (1st Cir.1973). An- alyzing section 1002(4) within the frame- work established by the United States Su- preme Court in *Anderson,* however, the injury to Veader's and the Pembroke vot- ers' rights is minimal, the state's interest in maintaining public confidence in elected officials by eliminating conflicts of interest is significant, and no less restrictive alter- natives will resolve the conflict of interest presented. *See Anderson,* 460 U.S. at 789, 103 S.Ct. 1564. Thus, section 1002(4) sur- vives Veader's First Amendment chal- lenge.

■ [¶ 3] With respect to Veader's Fourteenth Amendment challenge, section 1002(4) does not burden a suspect class or fundamental right, and the statute is ra- tionally related to the legitimate public interest of preventing conflicts of interest

---

1. 20–A M.R.S.A. § 1002(4) (Supp.2001) pro- vides: "[a]n employee or the spouse of an employee of a school administrative unit may not serve on the school board of another school administrative unit when the 2 school administrative units are members of the same school union and have the same superinten- dent of schools."

and maintaining public trust in elected officials. *See Kentucky Dep't of Educ. v. Risner,* 913 S.W.2d 327, 329 (Ky.1996). It is neither overly broad, nor underinclusive and draws a rational distinction between spouses, whose finances are typically interdependent, and other family members or colleagues. *See id.*

[¶ 4] Injunctive relief is appropriate. *See Walsh v. Johnston,* 608 A.2d 776, 778 (Me.1992).

The entry is:

Judgment affirmed.