Larry CAIN, Appellant,

v.

LODESTAR ENERGY, INC.; Honor-able J. Landon Overfield, Administra-tive Law Judge; Workers' Compensa-tion Board, Appellees.

No. 2008–SC–000178–WC.

Supreme Court of Kentucky.

March 19, 2009.

Rehearing Denied Aug. 27, 2009.

Thomas Elmus Springer III, Adams Law Firm, Madisonville, KY, Counsel for Appellant, Larry Cain.

Stanley S. Dawson, Fulton & Devlin, Louisville, KY, Counsel for Appellee, Lodestar Energy, Inc.

## OPINION OF THE COURT

Although both parties' experts reported the existence of at least category 1 coal workers' pneumoconiosis, an Administrative Law Judge (ALJ) dismissed this retraining incentive benefit (RIB) claim because the claimant failed to rebut the consensus of a panel of three "B" readers that the best quality x-ray in evidence showed only category 0/0 disease.[1] The Workers' Compensation Board affirmed and deferred to the courts the claimant's argument that the consensus process denies equal protection to workers who suffer from coal workers' pneumoconiosis in violation of the 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution. The Court of Appeals found the statute to be constitutional and affirmed.

We affirm insofar as the claimant fails to show that the consensus process denies equal protection to all coal workers who raise pneumoconiosis claims.[2] Convinced that he preserved sufficiently a narrow argument that the consensus process denies him equal protection, we conclude that KRS 342.316(3)(b)4.e. is unconstitutional as applied to his claim. It discriminates against workers like him, whose employers

---

1. KRS 342.732(1)(a) entitles a worker with no significant respiratory impairment but with category 1 coal workers' pneumoconiosis to a RIB.

2. *Durham v. Peabody Coal Co.,* 272 S.W.3d 192 (Ky.2008).

submit evidence of category 1 disease in a RIB claim, and does so solely because the parties' evidence is not in consensus.[3] We reverse in part and remand for additional findings under KRS 342.732(1)(a) because we discern no rational or reasonable basis for such discrimination.

The claimant was born in 1941. He testified that he worked for over 40 years in the coal mining industry and inhaled coal dust daily until June 25, 2002, when he "developed a disease that would not let [him] do his job." His application for benefits alleged that he suffered from coal workers' pneumoconiosis but did not allege a respiratory impairment. Following the procedure set forth in KRS 342.316(3) and discussed in *Hunter Excavating v. Bartrum*, 168 S.W.3d 381 (Ky.2005), the parties each filed a chest x-ray and a "B" reader's interpretation of the x-ray. The reports may be summarized as follows:

| Party | "B" reader | X-ray Date | Quality | Category |
|---|---|---|---|---|
| Claimant | Vuskovich | June 2002 | 1 | 2/1 |
| Employer | Westerfield | March 2003 | 2 | 1/1 |

As required by KRS 342.316(3)(b)4.d., the Office of Workers' Claims compared the parties' reports and determined that they were not in consensus. In such instances, KRS 342.316(3)(b)4.e. requires the Office to mask certain information to preserve the anonymity of the party who submits each x-ray[4] and to hire three "B" readers to choose and interpret the best quality x-ray. A summary of the reports in the present case is as follows:

| "B" reader | Best X-ray | Quality | Category |
|---|---|---|---|
| Dineen | Employer's | 1 | 0/0 |
| Jarboe | Claimant's | 1 | 0/0 |
| Narra | Claimant's | 1 | 0/1 |

The Office certified that the panel reached a consensus of category 0.

In rebuttal the claimant filed another interpretation of the x-ray that he submitted initially. The employer also filed another "B" reader's interpretation of the x-ray. That evidence may be summarized as follows:

| "B" reader | X-ray | Quality | Category |
|---|---|---|---|
| Pope | Claimant's | 2 | 1/0 |
| Broudy | Claimant's | 1 | 0/1 |

The claimant also submitted depositions of Thomas Lewis, Deputy Commissioner of the Office of Workers' Claims, and Ms. Diana Smith, a medical scheduler at the Office of Workers' Claims. Lewis provided various statistics regarding the first six months in which the consensus procedure was implemented. Smith explained the manner in which consensus panels operate.

The ALJ acknowledged that the employer's initial x-ray report classified the claimant's disease as category 1/1 but pointed out that the parties' reports were not in consensus. Thus, KRS 342.316(3)(b)4.e. required the x-rays to be submitted to a panel for additional interpretation and KRS 342.316(13) required clear and convincing evidence to overcome the panel's consensus. Convinced that the evidence offered in rebuttal did not overcome the consensus, the ALJ dismissed the claim.

The claimant argued to the Court of Appeals that the consensus procedure denies coal workers who file pneumoconiosis claims equal protection by treating them differently in two significant ways from

---

**3.** KRS 342.316(3)(b)4.f. requires x-ray classifications to be in both the same major category and within one minor category to be in consensus.

**4.** *See Day v. Fairbanks Coal Co.*, 160 S.W.3d 777 (Ky.2005) (masking facility, physician, and date of x-rays before forwarding them to panel complies with KRS 342.316 and preserves anonymity of submitting party).

those who sustain a traumatic injury. First, the statute requires coal workers who suffer from pneumoconiosis to submit clear and convincing evidence to rebut the panel's consensus, while workers may prove an injury with only a preponderance of the evidence. Second, it limits coal workers to proving the existence of the disease with x-ray evidence, which deprives an ALJ of the discretion to consider a worker's credible testimony regarding breathing difficulties and the length and nature of the exposure to coal dust. He also argued, more specifically, that the consensus process thwarted the purpose of Chapter 342 with respect to his claim, stating that "this discriminatory legislation has effectively stripped an injured miner's right to black lung benefits.... [although] both the Plaintiff's and Defendant's evidence proved the existence of compensable coal workers' pneumoconiosis." The Court of Appeals affirmed, noting that the claimant's arguments failed to address the fact that KRS 342.316(3) treats miners who are positive for pneumoconiosis differently based on the amount of disparity between the parties' x-ray interpretations.

Appealing, the claimant continues to assert that KRS 342.316(3) and (13) deny equal protection to workers who suffer from coal workers' pneumoconiosis as opposed to those who suffer from an injury. He also continues to complain that the statutes operate to strip him of an award to which his employer's evidence showed he was entitled. He argues that the state has no legitimate interest in doing so and that to apply the consensus process to his claim defeats the social welfare purpose of the Workers' Compensation Act.

■ In *Durham* we rejected an argument that KRS 342.316(3) and (13) deny equal protection to all workers who suffer from coal workers' pneumoconiosis. Despite the additional lay evidence regarding the processing of pneumoconiosis claims, this appeal raises nothing that we failed to consider. Thus, we affirm insofar as KRS 342.316(3) and (13) do not deny equal protection to all coal workers who raise pneumoconiosis claims.

■ Parties are required, as a rule, to raise issues precisely in a lower court in order to preserve them for review.[5] In this case, the claimant failed to incorporate into his equal protection arguments to the Court of Appeals an explicit argument that KRS 342.316(3) treats RIB claimants whom both parties' experts find to have category 1 disease differently, based solely on the amount of disparity between the experts' x-ray interpretations. He did, however, include in his equal protection argument an assertion that KRS 342.316(3) operated to deny him a RIB award although his employer's evidence showed that he suffered from category 1/1 disease. Thus, we are convinced that he preserved that narrow equal protection argument sufficiently for our review.[6]

■ The 14th Amendment to the United States Constitution requires persons who are similarly situated to be treated alike.[7] Workers' compensation statutes concern matters of social and economic policy. Statutes are presumed to be valid and those concerning social or economic

5. *Combs v. Knott County Fiscal Court*, 283 Ky. 456, 141 S.W.2d 859, 860 (1940).

6. *See Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 930 (Ky.2002); *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky.1991); *First National Bank of Louisville v. Progressive Casualty Insurance Co.*, 517 S.W.2d 226, 230 (Ky. 1974).

7. *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985).

matters generally comply with federal equal protection requirements if the classifications that they create are rationally related to a legitimate state interest.[8] Sections 1, 2, and 3 of the Kentucky Constitution provide that the legislature does not have arbitrary power and shall treat all persons equally. A statute complies with Kentucky equal protection requirements if a "reasonable basis" or "substantial and justifiable reason" supports the classifications that it creates.[9] Analysis begins with the presumption that legislative acts are constitutional.[10]

KRS 342.732(1)(a) bases a RIB award on a finding of category 1 pneumoconiosis with no significant respiratory impairment. The claimant did not allege a respiratory impairment. He submitted a "B" reader's report that showed the existence of category 2/1 pneumoconiosis, a higher category than KRS 342.732(1)(a) requires. As he emphasized in his subsequent pleadings, the employer submitted evidence that he suffered from category 1/1 disease, which supported his entitlement to a RIB award. Yet, KRS 342.316(3)(b)4.e. required the claim to be submitted to a consensus panel because the parties' reports were not in consensus.

KRS 342.316(3)(b)4.e. denied the claimant equal protection because it discriminated between him and a similarly-situated worker whose employer also submitted evidence of category 1 disease but whose claim was not subject to the second phase of the consensus process. KRS 342.316(3)(b)4.e. creates two classes of workers based solely on the amount of discrepancy between the worker's and employer's evidence. We discern no rational or reasonable basis for such discrimination where the employer's evidence effectively concedes the worker's entitlement to a RIB. We conclude, therefore, that KRS 342.(3)(b)4.e. denies equal protection under both the federal and state constitutions when applied to such a claim.

The decision of the Court of Appeals is affirmed in part, reversed in part, and this claim is remanded to the ALJ for further consideration under KRS 342.732(1)(a) based on the evidence that the parties submitted in the initial phase of the consensus process.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, and VENTERS, JJ., concur. SCOTT, J., concurs in result only.

**8.** *Id.,* 473 U.S. at 440, 105 S.Ct. at 3254, 87 L.Ed.2d at 320.

**9.** *Elk Horn Coal Corporation v. Cheyenne Resources, Inc.,* 163 S.W.3d 408 (Ky.2005); *Waggoner v. Waggoner,* 846 S.W.2d 704 (Ky. 1992).

**10.** *United Dry Forces v. Lewis,* 619 S.W.2d 489 (Ky.1981); *Sims v. Board of Education of Jefferson County,* 290 S.W.2d 491 (Ky.1956); *Brooks v. Island Creek Coal Co.,* 678 S.W.2d 791 (Ky.App.1984).