RENDERED: JUNE 13, 2019
TO BE PUBLISHED

# Supreme Court of Kentucky

2018-SC-000215-WC



TECO/PERRY COUNTY COAL                                          APPELLANT


V.                       ON APPEAL FROM COURT OF APPEALS
                          CASE NO. 2015-CA-001951-WC
                    WORKERS' COMPENSATION BOARD NO. WC-15-00058


PAUL FELTNER;                                                   APPELLEES
HON. GRANT ROARK,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


AND                             2018-SC-000216-WC


MCCOY-ELKHORN COAL CO., INC.                                   APPELLANT


V.                       ON APPEAL FROM COURT OF APPEALS
                          CASE NO. 2015-CA-000126-WC
                    WORKERS' COMPENSATION BOARD NO. WC-13-01486


ROBBIE HATFIELD; HON. JANE RICE WILLIAMS,                       APPELLEES
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD;


AND                             2018-SC-000217-WC

ENTERPRISE MINING COMPANY                                    APPELLANT


                    ON APPEAL FROM COURT OF APPEALS
V.                       CASE NO. 2014-CA-001473-WC
         WORKERS' COMPENSATION BOARD NO. WC-13-00451


HERMAN NAPIER; HON. WILLIAM J.                              APPELLEES
RUDLOFF, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD


**OPINION OF THE COURT BY JUSTICE VANMETER**

**<u>AFFIRMING IN PART AND VACATING IN PART</u>**


By statute, workers' compensation claimants suffering hearing loss may

not receive income benefits unless their whole person impairment rating

("WPI")—as determined by converting their binaural (both ears) impairment

under the *Guides to the Evaluation of Permanent Impairment* ("*Guides*")—is at

least 8%. KRS[1] 342.7305. Other types of non-hearing loss traumatic injury

claimants do not have to meet this threshold impairment rating to qualify for

income benefits. The issue we must resolve in this case is whether the Court of

Appeals erred when it held that this section of KRS 342.7305 violates the equal

protection guarantees in the Fourteenth Amendment to the United States

Constitution and Sections 1, 2, and 3 of the Kentucky Constitution. Upon

review, we hold that it did so err as a rational basis exists for treating hearing

loss claimants differently from other types of traumatic injury claimants.

Accordingly, we vacate that portion of the Court of Appeals' opinion and affirm

---

[1] Kentucky Revised Statutes.

the respective Administrative Law Judge's ("ALJ") award of medical benefits and exclusion of income benefits.

## I. Factual and Procedural Background.

Herman Napier, Robbie Hatfield, and Paul Feltner (collectively "Appellees") all filed claims against their employers (collectively "Appellants") for workers' compensation benefits based on occupational hearing loss. Napier claimed occupational hearing loss resulting from long term, repetitive exposure to loud noise in the workplace. Dr. Raleigh Jones performed the required University Medical Evaluation ("UME") and assigned Napier a WPI of 4%, recommended hearing aids, and restricted Napier to only working with ear protection. At Napier's hearing, the ALJ granted Napier's motion to add a constitutional equal protection challenge and initially ruled KRS 342.7305(2) unconstitutional. However, on rehearing, the ALJ acknowledged that he did not have the authority to determine statutory constitutionality and revised his Opinion and Order to exclude permanent partial disability ("PPD") income benefits, thus only granting medical benefits. The Workers' Compensation Board ("the Board") affirmed and passed the question of constitutionality on to the Court of Appeals.

Robbie Hatfield filed two hearing loss claims, one resulting from a piece of hot slag, or molten waste material, falling in his ear, and one for occupational hearing loss due to repetitive exposure to loud workplace noise. Dr. Barbara A. Eisenmenger performed the required UME and assigned Hatfield a 4% WPI, recommended hearing aids and ear protection, but

3

cautioned against working in situations where ear protection, i.e. ear plugs, would impede Hatfield's ability to work safely. Hatfield identified his constitutional challenge to KRS 342.7305(2) at a benefit review conference ("BRC") and the ALJ acknowledged this challenge at Hatfield's hearing. The ALJ awarded medical benefits to Hatfield but held that she lacked authority to address the constitutional equal protection challenge. The Board affirmed and held that it likewise lacked authority to address the constitutional question.

Paul Feltner filed two workers' compensation claims, one for his back and one for occupational hearing loss due to "daily and continuous exposure to noise." His claims were consolidated. Dr. Brittany Brose performed a UME and assigned Feltner a WPI of 5%, recommended hearing aids, and further recommended that Feltner be restricted from jobs incompatible with the use of ear protection devices due to safety concerns. Feltner settled his non-hearing loss claims but listed his constitutional challenge to KRS 342.7305(2) in his BRC filings. The ALJ awarded medical benefits but excluded PPD income benefits because he lacked authority to adjudicate constitutional challenges. The Board affirmed the ALJ's decision and held that it also lacked authority to address the constitutional question.

The Court of Appeals consolidated the three claims to address the constitutionality of KRS 342.7305(2). Holding that *Vision Mining Inc. v. Gardner*, 364 S.W.3d 455 (Ky. 2011) was dispositive, the Court of Appeals determined that KRS 342.7305(2) violated equal protection guarantees and was thus unconstitutional. This appeal followed.

4

## II.   Standard of Review.

We review questions of law, including the constitutionality of a statute, *de novo*. *Parker v. Webster County Coal, LLC*, 529 S.W.3d 759, 765 (Ky. 2017). "In considering an attack on the constitutionality of legislation, this Court has continually resolved any doubt in favor of constitutionality rather than unconstitutionality." *Hallahan v. Mittlebeeler*, 373 S.W.2d 726, 727 (Ky. 1963) (citing *Reynolds Metal Co. v. Martin*, 269 Ky. 378, 381–82, 107 S.W.2d 251, 253 (1937)). In determining the constitutionality of a statute, "[o]ur functions are to determine the constitutional validity and to declare the meaning of what the legislative department has done. We have no other concern." *Johnson v. Commonwealth ex rel. Meredith*, 291 Ky. 829, 833, 165 S.W.2d 820, 823 (1942).

## III.   Analysis.

The sole issue in this case is whether KRS 342.7305(2) violates equal protection. KRS 342.7305(2) states:

> Income benefits payable for occupational hearing loss shall be as provided in KRS 342.730, **except income benefits shall not be payable where the binaural hearing impairment converted to impairment of the whole person results in impairment of less than eight percent (8%)**. No impairment percentage for tinnitus shall be considered in determining impairment to the whole person.

(emphasis added). There are three potential levels of review when analyzing an equal protection claim: strict scrutiny, intermediate scrutiny, and rational basis. *See Vision Mining, Inc.*, 364 S.W.3d at 465–66. While strict and

5

intermediate scrutiny apply when a "statute makes a classification on the basis of a 'suspect' or 'quasi-suspect' class," the rational basis test is used when "the statute merely affects social or economic policy[.]" *Id.* at 466 (*quoting D.F. v. Codell*, 127 S.W.3d 571, 575–76 (Ky. 2003)).

> This Court has previously held that worker's compensation statutes
>
> concern matters of social and economic policy. Statutes are presumed to be valid and those concerning social or economic matters generally comply with federal equal protection requirements if the classifications that they create are rationally related to a legitimate state interest. Sections 1, 2, and 3 of the Kentucky Constitution provide that the legislature does not have arbitrary power and shall treat all persons equally. A statute complies with Kentucky equal protection requirements if a "reasonable basis" or "substantial and justifiable reason" supports the classifications that it creates. Analysis begins with the presumption that legislative acts are constitutional.

*Cain v. Lodestar Energy, Inc.*, 302 S.W.3d 39, 42–43 (Ky. 2009) (internal citations omitted).

Hearing loss is a compensable traumatic injury covered by KRS 342.0011(1). Under KRS 342.730(1)(b), the ALJ's "finding of a permanent impairment rating . . . is a threshold issue that forms the basis of an award" for all other non-hearing-loss traumatic injury claimants, thus entitling them to an award for merely establishing any permanent impairment—even 1%. *LKLP CAC Inc. v. Fleming*, 520 S.W.3d 382, 387 (Ky. 2017). However, the legislature enacted KRS 342.7305 as a separate statute to govern workers' compensation claims for traumatic hearing loss claimants. *Alcan Foil Products v. Huff*, 2 S.W.3d 96, 102 n.1 (Ky. 1999). Hearing loss claimants must have at least an 8% rating to be eligible for income benefits. KRS 342.7305(2). Therefore, no

6

doubt exists that hearing-loss claimants whom the ALJ finds have less than an 8% permanent impairment rating are treated differently than all other traumatic injury claimants. The only question remaining is whether a rational basis exists for the 8% threshold that hearing loss claimants must meet to obtain PPD income benefits.[2]

A rational basis may be **any** "reasonable basis" or "substantial and justifiable reason." *Cain*, 302 S.W.3d at 43. "A person challenging a law upon equal protection grounds under the rational basis test has a very difficult task because a law must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Commonwealth ex rel. Stumbo v. Crutchfield*, 157 S.W.3d 621, 624 (Ky. 2005) (citing *United States R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 178–79, 101 S. Ct. 453, 461, 66 L.Ed.2d 368 (1980)). Furthermore, "the General Assembly need not articulate

---

[2] The Court of Appeals held that *Vision Mining* is dispositive of the rational basis claim. 364 S.W.3d 455. In *Vision Mining*, this Court considered whether the legislature could constitutionally apply heightened evidentiary standards—the "consensus panel" procedure and "clear and convincing" rebuttal standard—in initial claims for coal workers' pneumoconiosis ("CWP") when those more stringent evidentiary standards of proof were not placed on others filing initial claims from other sources of pneumoconiosis. *Id.* at 457. This Court held that since no rational basis existed for applying varying evidentiary standards in claims for the same disease— pneumoconiosis—differently, the imposition of a higher standard of proof on CWP claims was arbitrary and therefore unconstitutional. *Id.* at 474. Contrary to the Court of Appeals holding, *Vision Mining* does not stand for the proposition that all distinctions between various types of injury claims are unconstitutional. Further, in holding *Vision Mining* dispositive, and merely reanalyzing the same legislative reasons given for the distinctions by *Vision Mining*—cost savings, efficiency, and honesty of evaluating physicians—the Court of Appeals misinterprets what a "rational basis" is. No case can be completely dispositive of another when conducting a rational basis analysis unless it involves the same statute, same facts and same arguments for what "rational basis" exists to uphold the statute. As the statute at issue in *Vision Mining*, KRS 342.316, and KRS 342.7305 involve different areas of workers' compensation, *Vision Mining* is not dispositive of this appeal.

7

its reasons for enacting the statute, and this is particularly true where the legislature must necessarily engage in a process of line drawing." *Id.* (citing *Fritz,* 449 U.S. at 179, 101 S. Ct. at 461). Accordingly, "[o]ur General Assembly, under the Equal Protection Clause, has great latitude to enact legislation that may appear to affect similarly situated people differently." *Id.* (citation omitted).

Appellant mining companies argue that Section 11.2a of the *Guides* contains the rational basis for upholding the 8% impairment threshold for PPD income benefits. Titled, "Criteria for Rating Impairment Due to Hearing Loss,"

> Section 11.2a concerns the criteria for rating impairment due to hearing loss . . . . It [] indicates that no correction should be made for presbycusis, which *Stedman's Medical Dictionary* 1135 (5th Unabridged Lawyers' Edition 1982) defines as a loss of the ability to perceive or discriminate sounds that occurs with age but varies in pattern and age of onset. The *Guides* explain **that impairment is rated without regard to its cause**, that a correction for age would underestimate the true magnitude of the impairment, and that allocating an impairment to various causes is a separate matter from determining its magnitude.

*AK Steel Corp v. Johnston,* 153 S.W.3d 837, 840 (Ky. 2005) (internal citations omitted) (emphasis added). This Court in *Johnston,* albeit while not analyzing equal protection, recognized "that the 8% threshold found in KRS 342.7305(2) represents a substantial binaural hearing impairment." *Id.* at 841. Adding to this argument, Feltner's UME evaluator, Dr. Brose, testified that the "only time I subtract anything out is if I had what would be considered a baseline hearing test, essentially, that showed there was an impairment there previously." Appellants argue that because the *Guides* do not provide a correction for age-

related hearing loss when calculating an impairment rating, and no subtraction of non-occupational hearing loss occurs during a UME, a rational basis exists for the 8% threshold as a means to ensure that liability for normal, non-occupational hearing loss does not fall upon employers. Further, Appellants argue that without the 8% threshold, employees would become less employable in any industry with a risk of noise exposure because as employees age their increased risk for age-related hearing loss would impose liability on a company when an employee has merely a 1% impairment rating, thus creating a large incentive to not hire older prospective employees.

Appellees, and the Court of Appeals, posit that KRS 342.0011(1) and KRS 342.730(1)(b)-(c) would exclude any pre-existing active age-related hearing loss conditions if KRS 342.7305(2) was declared unconstitutional. While KRS 342.0011(1) excludes "the effects of the natural aging process," and KRS 342.730(1)(b)-(c) limit the impairment rating to one "caused by the injury or occupational disease," KRS 342.7305(1) sets an 8% threshold. The *Guides* instruct the physician to not subtract for age-related hearing loss when assigning a rating. Without the use of a threshold number, the *Guides* contain no reference as to how KRS 342.0011(1) or KRS 342.730(1)(b)-(c) would exclude pre-existing and age-related hearing loss. Based on Dr. Brose's testimony, we can only speculate that without a threshold number, every potential employee in the Commonwealth would have to undergo baseline hearing tests at various ages throughout their life to determine the true extent of their age-related vs. occupational hearing loss. The more logical conclusion is that the 8%

9

threshold recognizes the differences in assigning an impairment rating to hearing-loss claimants under the *Guides*, as compared to assigning a rating to other traumatic injuries.

Some states, including South Dakota, use deductions based on age to set off potential age-related hearing loss from claims.[3] KRS 342.7305 instead follows the *Guides'* approach for not subtracting age-related hearing loss from an impairment rating and thus sets a threshold of 8%. Although this may not be a perfect solution, it adheres to the principle that workers' compensation claimants receive PPD income benefits when their injury is work-related. An 8% threshold all but guarantees that hearing-loss claimants who meet the threshold have work-related, not just age-related, hearing loss. As the United States Supreme Court opined, "[t]he 'task of classifying persons for . . . benefits . . . inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line,' *Mathews v. Diaz*, 426 U.S. 67, 83–84, 96 S. Ct. 1883, 1893, 48 L. Ed. 2d 478 (1976), and the fact the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration." *Fritz*, 449 U.S. at 179, 101 S. Ct. at 461.

## IV. Conclusion.

---

[3] *See* SDCL § 62-9-5 ("Before determining the percentage of hearing impairment, in order to allow for the average hearing loss from nonoccupational causes found in the population at any given age, there shall be deducted from the total average decibel loss, one-half decibel for each year of the employee's age over forty-five years at the time of last exposure to occupational noise. Other appropriate deductions established by competent specialist opinion which exceed the foregoing allowance for presbycusis shall also be deducted[]").

10

For the foregoing reasons and given our deference to the legislature in matters of social and economic policy, we hold that a rational basis exists for the 8% impairment threshold for PPD income benefits in KRS 342.7305(2). Accordingly, we vacate the Court of Appeals opinion holding that KRS 342.7305(2) is unconstitutional and affirm the respective ALJ's determinations that the Appellees do not qualify for PPD income benefits based on their impairment ratings.

All sitting. Minton, C.J.; Buckingham, Hughes and VanMeter, JJ., concur. Lambert, J., dissents by separate opinion in which Keller and Wright, JJ., join.

LAMBERT, J., DISSENTING: Respectfully, I dissent. I disagree with the majority's conclusion that a rational basis exists for treating worker's compensation hearing loss claimants with less than 8% binaural hearing loss differently from every other claimant. I would affirm the Court of Appeals.

Hearing loss due to hazardous levels of workplace noise is without question a work-related injury covered by our worker's compensation statutes.[4] Therefore, *every* worker who suffers a work-related hearing loss has the right to be treated the same way as every other work-related injury claimant. U.S.

---

[4] "When audiograms and other testing reveal a pattern of hearing loss compatible with that caused by hazardous noise exposure and the employee demonstrates repetitive exposure to hazardous noise in the workplace, there shall be a rebuttable presumption that the hearing impairment is an **injury** covered by this chapter[.]" KRS 342.7305(4) (emphasis added).

Const. amend. XIV; Ky. Const. §§ 1-2. That is, unless a rational basis exists for disparate treatment.

As the majority correctly states, under our worker's compensation statutes hearing loss claimants with less than 8% binaural hearing loss are treated unequally in comparison to every other injury claimant. Unless they prove they have a combined hearing loss of 8% in both ears, they are precluded by KRS 342.7305 from receiving any compensation whatsoever.

The majority concludes that the rational basis for this unequal treatment is to prevent employers from having to compensate workers for pre-existing hearing loss due solely to the effects of aging. I respectfully assert that this conclusion is flawed in two ways.

First, under KRS 342.011(1) the basic definition of injury for the purpose of a worker's compensation claim specifically excludes age-related impairment:

> "Injury" means any work-related traumatic event or series of traumatic events, including cumulative trauma, arising out of and in the course of employment which is the proximate cause producing a harmful change in the human organism evidenced by objective medical findings. **"Injury" does not include the effects of the natural aging process**, and does not include any communicable disease unless the risk of contracting the disease is increased by the nature of the employment.

(emphasis added). So, the age-related hearing loss issue has already been addressed across the worker's compensation act as a whole. And of course,

12

when a claimant seeks compensation for work-related hearing loss, there is nothing in our worker's compensation statutes that would prevent an employer from arguing that some or all of the claimant's hearing loss is due to age:

> [A]n underlying pre-existing condition must be symptomatic and impairment ratable pursuant to the AMA *Guidelines* immediately prior to the occurrence of the work-related injury. Moreover, **the burden of proving the existence of a pre-existing condition falls upon the employer**.

*Finley v. DBM Technologies*, 217 S.W.3d 261, 265 (Ky. App. 2007) (emphasis added). I therefore fail to see how the financial burden on employers would be greater in comparison to any other work-related injury claim if KRS 342.7305 was abolished. As with any other injury claim, an employer could assert that a percentage or the totality of a claimant's hearing loss is due to age and refuse to compensate for the age-related loss. If they are proven correct by a medical evaluation, then they would not be required to compensate for said age-related hearing loss. The same process would apply for any non-occupational hearing loss. This utterly negates the need for the current 8% threshold showing. And if the threshold is not needed, there is no rational basis for it.

The other flaw in the majority's reasoning is that it assumes that every claimant will have some percentage of hearing loss due solely to aging and provides no exception for claimants whose hearing loss is entirely due to his or her occupational environment. The claims of Mr. Feltner and Mr. Hatfield in this case perfectly illustrate this blind spot.

13

In Mr. Feltner's case, the physician that conducted the university study mandated by KRS 342.315[5] found that his 5% impairment was caused by being exposed to excessive noise in the workplace for thirty-four years. She found no medical evidence of hearing-loss due to age. In addition, the physician testified that there is no rational or significant difference between a person with 5% impairment and a person with 8% impairment.

Even more illustrative is Mr. Hatfield's story. His 4% impairment was caused by a piece of hot slag falling into his ear and perforating his eardrum. Clearly, the resulting hearing loss had nothing to do with the effects of the aging process. But, because that piece of slag did not hit his eye, leg, hand, etc. he was denied any amount of compensation. This is an injustice by which I cannot abide.

Finally, *Vision Mining, Inc. v. Gardner*, 364 S.W.3d 455 (Ky. 2011) dealt with the constitutionality of a worker's compensation statute. The statute at issue required that coal workers go through a process of proving they had black lung that no other occupational black lung claimants were required to go through. *Id.* at 458-461. This Court ultimately held:

> Pneumoconiosis caused by exposure to coal dust is the same disease as pneumoconiosis caused by exposure to dust particles in other industries, yet coal workers face different, higher standard-of-proof requirements than those other workers. This is an arbitrary distinction between similarly situated individuals, and thus it

---

[5] KRS 242.315(1) directs in pertinent part: "For workers who have had injuries or occupational hearing loss, the commissioner shall contract with the University of Kentucky and the University of Louisville medical schools to evaluate workers."

14

> violates the equal protection guarantees of the Federal
> and State Constitutions.

*Id.* at 474.

The Court of Appeals in this case held *Vision Mining* to be dispositive. The majority believes it has no application. While I agree the case is not perfectly on point, I do think there is a sufficient parallel to warrant discussion. *Vision Mining* essentially held that black lung is black lung is black lung, regardless of its source. Here, the Constitutions of our nation and this Commonwealth require us to find that a work injury is a work injury is a work injury, regardless of whether it occurs in a claimant's ears, eyes, tendons, bones, or appendages. Because, as discussed above, work-related injury claimants are similarly situated individuals and no rational basis exists for treating those with less than 8% hearing loss unequally.

Finding no rational basis for the unequal treatment of work-related hearing loss claimants with less than 8% binaural hearing impairment, I respectfully dissent. The Court of Appeal's decision finding KRS 342.7305 to be violative of equal protection[6] should be affirmed.

Keller and Wright, JJ., join.

---

[6] U.S. Const. amend. XIV; Ky. Const. §§ 1-2.

15

COUNSEL FOR APPELLANT ENTERPRISE MINING COMPANY:

Hugh Brettelle Stonecipher
Fogle Keller Walker, PLLC


COUNSEL FOR APPELLANT TECO/PERRY COUNTY COAL:

Sarah Kathryn McGuire
Baird & Baird, P.S.C.


COUNSEL FOR APPELLANT MCCOY ELKHORN COAL CO., INC.:

Morgan Fitzhugh
Hassman & Fitzhugh, PLLC

COUNSEL FOR WORKERS' COMPENSATION BOARD:

Michael W. Alvey


COUNSEL FOR APPELLEE HERMAN NAPIER:

McKinnley Morgan
Morgan Collins Yeast & Salyer


COUNSEL FOR APPELLEE PAUL FELTNER:

Timothy Jay Wilson
Wilson & McQueen


COUNSEL FOR APPELLEE ROBBIE HATFIELD:
Charles P. Wheeler, Jr.
Kirk Law Firm, PLLC

COUNSEL FOR APPELLEE HONORABLE GRANT STEWART ROARK:

Not Represented by Counsel

COUNSEL FOR APPELLEE HONORABLE JANE RICE WILLIAMS:

Not Represented by Counsel

COUNSEL FOR APPELLEE HONORABLE WILLIAM J. RUDLOFF:

Not Represented by Counsel

# Supreme Court of Kentucky

2018-SC-000215-WC

TECO/PERRY COUNTY COAL                                          APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                              CASE NO. 2015-CA-001951-WC
WORKERS' COMPENSATION BOARD NO. WC-15-00058

PAUL FELTNER; HON. GRANT ROARK,                                 APPELLEES
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

AND

2018-SC-000216-WC

MCCOY ELKHORN COAL CO., INC.                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                              CASE NO. 2015-CA-000126-WC
WORKERS' COMPENSATION BOARD NO. WC-13-01486

ROBBIE HATFIELD; HON. JANE RICE                                 APPELLEES
WILLIAMS, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD

AND

2018-SC-000217-WC

ENTERPRISE MINING COMPANY                                       APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                              CASE NO. 2015-CA-001473-WC
WORKERS' COMPENSATION BOARD NO. WC-13-00451

HERMAN NAPIER; HON. WILLIAM J.                    APPELLEES
RUDLOFF, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD

## ORDER DENYING PETITIONS FOR REHEARING

The Petitions for Rehearing, filed by the Appellees, of the Opinion of the

Court, rendered June 13, 2019, are DENIED.

All sitting. All concur.

ENTERED: September 26, 2019.

CHIEF JUSTICE