# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 16, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0364-WC

DEBRA SUE DARNELL                                                                      APPELLANT


V.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-0451
WORKERS' COMPENSATION BOARD
NO. WC-16-89179


SAPUTO DAIRY; COMMONWEALTH OF                                     APPELLEES
KENTUCKY, EX REL. DANIEL CAMERON,
ATTORNEY GENERAL; HONORABLE GREG
HARVEY, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

**I. BACKGROUND**

Debra Darnell had worked for Saputo Dairy for thirteen years. On March 16, 2016, Darnell was cleaning the piece of machinery that places caps on bottles when the employer-provided stepstool on which she stood broke, causing her to sustain injuries to her left hip and lower back when she fell to the floor. She had worked in her position as a "capper" for more than two years when the stool broke. As a result of the work injury, Darnell had surgery to fuse her sacroiliac joint (which connects the hip bones to the sacrum).

On January 25, 2019, the Workers' Compensation Administrative Law Judge (ALJ) determined Darnell is permanently and totally disabled as a result of her work injury and awarded her weekly benefits which would terminate at the age of seventy pursuant to KRS 342.730(4). Darnell appealed to the Workers' Compensation Board, arguing the amendment of KRS 342.730(4) was not retroactive. The Board affirmed the ALJ's decision pursuant to *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), which held the 2018 amendment to KRS 342.730(4) applied retroactively. Darnell also argued the subsection was unconstitutional for various reasons. The Board acknowledged it lacked jurisdiction to determine the statute's constitutionality.

Darnell appealed the Board's decision to the Court of Appeals, which affirmed her award and held KRS 342.730(4) and its retroactive application were constitutional. Darnell now appeals to this Court, arguing: (1) KRS 342.730(4) violates the equal protection clauses of the United States and Kentucky Constitutions, as written and as retroactively applied; (2) KRS 342.730(4) violates Kentucky's constitutional prohibition against special legislation; (3) retroactive application of KRS 342.730(4) denies her due process rights; and (4) retroactive application of KRS 342.730(4) violates the contracts clauses of the United States and Kentucky Constitutions. The Attorney General filed a motion to intervene to defend the constitutionality of the statute, which we granted. For the following reasons, we hold that KRS 342.730(4) is constitutional as written and as applied and affirm the Court of Appeals.

2

## II. ANALYSIS

KRS 342.730(4) concerns the termination of workers' compensation benefits. In *Parker v. Webster Cnty. Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759 (Ky. 2017), this Court found the then-current 1996 version of KRS 342.730(4) unconstitutional on equal protection grounds. The 1996 version of the statute tied the termination of workers' compensation benefits to the time at which the employee qualified for old-age Social Security benefits. This Court held this was an arbitrary distinction with no rational relation to a legitimate state interest. *Id.*

In *Holcim*, 581 S.W.3d at 41, this Court considered whether a 2018 version of KRS 342.730(4) could be applied retroactively. Quoting a Legislative Research Commission comment beneath the statute, we held in *Holcim* that the amendment "applies to those cases which 'have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal [h]as not lapsed, as of the effective date of this Act.'" *Id.* at 44.

Whereas the pre-*Parker* version of KRS 342.730(4) linked workers' compensation benefit termination to the time at which the worker qualified for old-age Social Security benefits (and thereby violated an individual's right to equal protection under the law by arbitrarily treating similarly-situated individuals differently), the 2018 version of the statutory subsection links the termination of benefits to the injured employee attaining a particular age. Under the amendment, a claimant's benefits terminate on his or her seventieth birthday or four years after his or her work injury or last injurious exposure,

3

whichever occurs later.  Darnell argues this statute is constitutionally infirm on multiple grounds.

### A. Equal Protection

Darnell argues the amendment to KRS 342.730(4) violates her rights to equal protection under the law, as guaranteed by the United States and Kentucky Constitutions.  The basis for her argument is that the amendment treats older injured workers and younger injured workers differently.

The 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution contain the respective federal and state equal protection clauses.  Their "goal . . . is to 'keep[ ] governmental decision makers from treating differently persons who are in all relevant respects alike.'" *Vision Mining, Inc. v. Gardner*, 364 S.W.3d 455, 465 (Ky. 2011) (quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992)).  Because "[w]orkers' compensation statutes concern matters of social and economic policy," if a rational basis or substantial and justifiable reason supports the classifications they create, we must uphold it.  *Id.* at 466 (citing *Cain v. Lodestar Energy, Inc.,* 302 S.W.3d 39, 42 (Ky. 2009)).  "In sum, we will uphold the age limitation here so long as it rationally relates to a legitimate state objective."  *Cates v. Kroger*, 627 S.W.3d 864, 871 (Ky. 2021).

As this Court has stated, "acts of the legislature carry a strong presumption of constitutionality."  *Wynn v. Ibold, Inc.*, 969 S.W.2d 695, 696 (Ky. 1998).  "Doubts regarding constitutionality must be resolved in favor of upholding the law."  *Cates*, 627 S.W.3d at 870.  Furthermore, "the principle of

4

reducing workers' compensation benefits at an age when workers typically become eligible for alternative forms of income replacement is not new to Kentucky." *Wynn*, 969 S.W.2d at 696.

We took up the constitutionality of the 2018 amendment to KRS 342.730(4) in *Cates*, 627 S.W.3d at 871, holding, "the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose." We do not depart from that recent holding today.

As this Court held in *Parker*, "[t]he rational bases for treating younger and older workers differently [are]: (1) it prevents duplication of benefits; and (2) it results in savings for the workers' compensation system." 529 S.W.3d at 768. Four years later, we stated, "we remain convinced that preventing a duplication of wage-loss protection programs and promoting the solvency of the workers' compensation system are legitimate state interests." *Cates*, 627 S.W.3d at 870. We are unpersuaded to deviate from this position by Darnell's arguments that KRS 342.730(4) does not prevent duplicative income replacement benefits, avoid duplicative governmental benefits, or provide a savings for the workers' compensation system; nor are we convinced that savings to the workers' compensation system is not a valid basis to uphold a statute in the face of an equal protection argument. Again, today, we hold the statute passes the rational basis test as it "treats alike all those who receive workers' compensation benefits." *Id.* at 871.

Darnell argues that even if the statutory amendment were constitutional on equal protection grounds (as we have held), it is unconstitutional to apply the statute retroactively to her claim, as her injury occurred before the effective date of the amendment. However, "[t]he legislature 'may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative.'" *Id.* (quoting *Bank Markazi v. Peterson*, 578 U.S. 212 (2016)). Here, this Court declared one version of the statutory subsection unconstitutional and the legislature passed a new subsection, providing for retroactive effect—and the legislature was within constitutional bounds in so doing.

## B. Special Legislation

Darnell next argues KRS 342.730(4) violated Kentucky's constitutional provisions regarding special legislation. Specifically, she points to the prohibitions in Section 59 of the Kentucky Constitution, which state, in pertinent part:

> The General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely:
>
> . . . .
>
> Fifth: To regulate the limitation of civil or criminal causes.
>
> . . . .
>
> Twenty-fourth: To regulate labor, trade, mining or manufacturing.

Darnell links this argument to her equal protection argument— essentially arguing the legislation discriminates against older workers and

favors business owners in an attempt to save employers money on workers' compensation insurance premiums. She also makes the argument that older workers are discriminated against because, if they receive permanent partial disability benefits, they will not receive the entirety of their awards, unlike younger injured workers. This is another attempt at making the same argument under a different veil. We reject it, too, as *all* injured workers' benefits terminate at age seventy under the amendment.

This Court addressed a similar special legislation argument in *Cates*, 627 S.W.3d at 872, holding the amended statutory subsection was not special legislation as it did not apply "to a particular individual, object or locale." (Citing *Calloway Cnty. Sheriff's Dep't v. Woodall*, 607 S.W.3d 557, 573 (Ky. 2020)). We held in *Cates*, "[t]he argument that the statute differentiates between older and younger workers is a *classification* argument, which is properly considered under sections 1, 2, and 3 of the Kentucky Constitution." *Id.* And, just as in *Cates*, we reiterate: "KRS 342.730(4) is simply not special legislation." *Id.*

### C. Due Process

Darnell also argues the retroactive application of KRS 342.730(4) stripped her of her property right to workers' compensation benefits in violation of due process rights, as she did not receive prior notice or a hearing. We addressed this issue in *Cates*, holding the claimants had no vested right in the duration and amount of their benefits "until they have received a final judgment in their favor." *Cates*, 627 S.W.3d at 873. The same is true here.

7

Because Darnell had no vested right in the duration of her benefits, a statute terminating them at a specific age did not deny her due process.

### D. Contracts Clause

Finally, Darnell argues the retroactive application of KRS 342.730(4) denies her rights under the contracts clauses of the federal and state constitutions. Both the Constitution of the United States and the Kentucky Constitution protect citizens of our Commonwealth from the state's infringement on their right to contract. Article 1, Section 10, Clause 2 of the United States Constitution reads, in pertinent part, "[n]o State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . ." Likewise, Section 19 of the Kentucky Constitutions provides, "[n]o ex post facto law, nor any law impairing the obligation of contracts, shall be enacted." Darnell argues KRS 342.730(4) violates these contracts clauses.

In *Dowell v. Matthews Contracting*, 627 S.W.3d 890, 895 (Ky. 2021), this Court stated if "the fundamental premise of a Contracts Clause analysis—the existence of a contract—is absent . . . our analysis ends." *See Gen. Motors Corp. v. Romein*, 503 U.S. 181, 190 (1992) (holding Contracts Clause inapplicable because the employer and employee did not assent to specific statutory terms). Therefore, we must first determine whether a contract exists in this case.

Darnell "point[s] to no contract or place within the statutory scheme where [she is] guaranteed certain benefits that were mutually assented to and bargained for." *Dowell*, 627 S.W.3d at 895. This Court has held "the Workers'

Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state." *Id.* at 894. Rather than providing contractual rights, we explained, "the WCA is a statutory scheme that may be amended as the General Assembly chooses, provided it fits within our constitutional framework." *Id.* at 894–95. "The workers' compensation system is controlled by the state and is governed by legislative enactments. It is not a contract . . . between employers and their employees. Changes to the relevant statutes, therefore, do not create a Contracts Clause issue." *Id.* at 896.

Since the Workers' Compensation Act does not constitute a contract, "a complete Contracts Clause analysis is unnecessary." *Id.* at 894. The protections of the clauses simply do not apply. "Because the WCA does not form a contract, there are no contractual rights that the amendment to KRS 342.730(4) could infringe." *Id.* at 895. Just as in *Dowell*, we hold there was no contracts clause violation.

### III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals.

All sitting. All concur.

9

COUNSEL FOR APPELLANT:

Jeffery A. Roberts


COUNSEL FOR APPELLEE, Saputo Dairy:

Stephanie D. Ross
Reminger Co., LPA


COUNSEL FOR APPELLEE, COMMONWEALTH OF KENTUCKY, EX REL.
DANIEL CAMERON, ATTORNEY GENERAL:

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera


ADMINISTRATIVE LAW JUDGE:

Hon. Greg Harvey


WORKERS' COMPENSATION BOARD:

Michael W. Alvey
Chairman