Johnny WYNN, Appellant,

v.

IBOLD, INC.; Special Fund; Irene Steen, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 97–SC–977–WC.

Supreme Court of Kentucky.

June 18, 1998.

Ronald C. Cox, Harlan, for appellant.

Eileen M. O'Brien, Stoll, Keenon, & Park, LLP, Lexington, for appellee Ibold, Inc.

Joel D. Zakem, Labor Cabinet—Special Fund, Louisville, for appellee Special Fund.

## OPINION OF THE COURT

This appeal concerns whether the "tier down" provision contained in the 1994 version of KRS 342.730(4) violates the constitutional protections of due process and equal protection, whether it violates KRS Chapter 344, and whether the provision was applied correctly by the Administrative Law Judge (ALJ).

In affirming the decisions of the Workers' Compensation Board and the ALJ, the Court of Appeals determined that KRS 342.730(4) was constitutional and did not discriminate against older workers. The Court of Appeals also determined that KRS 342.730(4) provides for annual reductions of the award between the ages of 65 and 70, that each annual reduction equals 10% of the original award, and that annual reductions are cumulative, with the result that individual payments made after age 70 equal 40% of those made under the initial award. *Southern v. R.B. Coal Co., Inc.*, Ky.App., 923 S.W.2d 902 (1996).

Claimant argues that the age-related reduction in benefits is arbitrary and has no valid or legitimate state objective, thereby denying his rights to due process and equal protection. He also argues that the provision constitutes discrimination as defined by KRS 344.010 and that it violates KRS 344.020(1)(b) since it denies him benefits based solely upon his age.

■ We begin by observing that acts of the legislature carry a strong presumption of constitutionality and that the principle of reducing workers' compensation benefits at an age when workers typically become eligible for alternative forms of income replacement is not new to Kentucky. See *Brooks v. Island Creek Coal Co.*, Ky.App., 678 S.W.2d 791, 792 (1984). A statute involving the regulation of economic matters or matters of social welfare comports with both due process and equal protection requirements if it is rationally related to a legitimate state objective. The constitutionality of a statutory classification will be upheld if the classification is not arbitrary, or if it is founded upon any substantial distinction suggesting the necessity or propriety of the classification. See *Kentucky Harlan Coal Co. v. Holmes*, Ky., 872 S.W.2d 446, 455 (1994); *Waggoner v. Waggoner*, Ky., 846 S.W.2d 704 (1992); *Estridge v. Stovall*, Ky.App., 704 S.W.2d 653, 655 (1985).

■ In considering whether KRS 342.730(4) is rationally related to a legitimate state objective, we begin by reviewing the purpose of the provision. As we explained in *Leeco v. Crabtree*, 966 S.W.2d 951 (rendered April 16, 1998):

> workers' compensation legislation does not create a quasi tort. Its purpose is to replace income which is lost as a result of industrial injury. Income benefits are but one unit in a system of wage-loss protection, and other sources of income replacement such as private retirement benefits and old age Social Security benefits eventually become available to injured workers. A reduction in workers' compensation benefits upon a worker's eligibility for an alternative form of income replacement is consistent with the principle of coordinating the various systems of wage-loss protection in order to avoid a duplication of benefits. See, *Estridge v. Stovall*, Ky. App., 704 S.W.2d 653 (1986); Larson, *Larson's Workers' Compensation Law*, § 97, et. seq.

*Id.* In rejecting the Special Fund's argument that it should be the sole beneficiary of the reduction in benefits, we concluded that the primary purpose of KRS 342.730(4) was not to aid the Special Fund but to minimize a duplication of income benefits. *Id.*

Keeping in mind that the purpose of workers' compensation legislation is to maintain a stream of income to disabled workers and their dependents, we are persuaded that avoiding a duplication of income benefits is a legitimate state objective and sound public policy. See *Brooks v. Island Creek Coal Co.*, *supra*. At a time when workers become eligible for other forms of income replacement, not only does KRS 342.730(4) help avoid making it more profitable to be disabled than not, it also serves to reduce the overall cost of maintaining the workers' compensation system, thereby improving the economic climate for all the citizens of the state. We, therefore, conclude that KRS 342.730(4) complies with the requirements of due process and equal protection and is constitutional. See also, *Edwards v. Louisville Ladder*, Ky.App., 957 S.W.2d 290 (1997).

With regard to the argument that the "tier down" of benefits for elderly workers conflicts with Chapter 344, we remind claimant that the legislature was fully aware of Chapter 344 when it enacted KRS 342.730(4) and that Chapter 344 does not pertain to enactments of the legislature. As applied to these facts, Chapter 344 prohibits employment discrimination on the basis of age. Since there is no indication that claimant's employer failed to afford him the full benefit of the Workers' Compensation Act due to his age, we conclude that this argument is without merit.

Finally, claimant argues that each annual increase in the amount of the benefit reduction should be computed as 10% of the prior year's award. KRS 342.730(4) provides as follows:

> If the injury or last exposure occurs prior to the employee's sixty-fifth birthday, any income benefits awarded under KRS 342.750, 342.316, 342.732, or this section shall be reduced by ten percent (10%) each year thereafter until and including age seventy (70). Income benefits shall not be reduced beyond the employee's seventieth birthday.

As noted by the Court of Appeals, an argument that the annual increase in the reduction should equal 10% of the prior year's award rather than 10% of the original amount was rejected in *Southern v. R.B. Coal Co., Inc., supra.* Although that case was overruled on other grounds in *Leeco v. Crabtree, supra*, we believe that the method for calculating the reduction which it set forth is more consistent with the legislative purpose than the method which claimant proposes. We, therefore, conclude that *Southern v. R.B. Coal Co., Inc., supra*, should be followed in that regard. In other words, each annual increase in the reduction should equal 10% of the original award, with the result that after the final reduction occurs at age 70, income benefits will equal 40% of those authorized in the original award.

The decision of the Court of Appeals is hereby affirmed.

All concur.