RENDERED: AUGUST 26, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0170-WC

GLORIA DOWELL, WIDOW OF
WILLIAM BRUCE DOWELL

APPELLANT


V.

ON APPEAL FROM COURT OF APPEALS
NO. 2018-CA-1075
WORKERS' COMPENSATION BOARD
NO. WC-11-86079


MATTHEWS CONTRACTING;
COMMONWEALTH OF KENTUCKY EX REL.
DANIEL J. CAMERON, ATTORNEY
GENERAL; HONORABLE JOHN B.
COLEMAN, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD

APPELLEES


AND

2020-SC-0137-WC

TERRY ADAMS

APPELLANT


V.

ON APPEAL FROM COURT OF APPEALS
NO. 2018-CA-0925
WORKERS' COMPENSATION BOARD
NO. WC-13-64729


EXCEL MINING, LLC.; COMMONWEALTH
OF KENTUCKY EX REL. DANIEL J.
CAMERON, ATTORNEY GENERAL;
HONORABLE CHRIS DAVIS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

APPELLEES

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**AFFIRMING**

We combined these two workers' compensation appeals to address the issue common to both: whether the 2018 amendment to Kentucky Revised Statute (KRS) 342.730(4) violates the Contracts Clause of the federal and state constitutions. Terry Adams and Gloria Dowell contest the constitutionality of this statutory amendment that terminates workers' compensation income benefits when the benefit-recipient reaches the age of 70 or four years from the date of injury or last injurious exposure, whichever event occurs last. For reasons explained below, we reject Adams's and Dowell's arguments and affirm the decision of the Court of Appeals upholding the statutory amendment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Terry Adams

In 2013, at age 63, Terry Adams suffered a work-related injury while working for Excel Mining. He filed for workers' compensation benefits, and in February 2016, an ALJ awarded benefits for permanent total disability. At the time Adams's claim was before the ALJ, the 1996 version of KRS 342.730(4) was the controlling law. Under that statute, Adams's benefits would end when he became eligible for Social Security retirement benefits. Adams unsuccessfully argued before the ALJ that the statute was unconstitutional, and he appealed to the Workers' Compensation Board.

The Board held Adams's claim in abeyance until we decided *Parker v. Webster County Coal, LLC,*[1] the case in which we ultimately invalidated the 1996 version of KRS 342.730(4) as violative of federal and state constitutional equal protection and the state's constitutional prohibition against special legislation.[2]  Following *Parker,* the Board decided Adams's appeal and resorted to application of the 1994 version of KRS 342.730(4).  Under that version, Adams's benefits would be reduced by 10% at age 65 and then an additional 10% every year until he reached age 70, at which point his benefits would remain stable.[3]  Adams appealed the Board's decision to the Court of Appeals.

In 2018, while Adams's case was pending before the Court of Appeals, the General Assembly enacted the current version of KRS 342.730(4), which became effective July 14, 2018.  The Court of Appeals held Adams's appeal in abeyance until we decided *Holcim v. Swinford*[4] in which we held that the General Assembly intended the 2018 version of the statute to apply retroactively to all claims that had not been then fully adjudicated, including claims on appeal.[5]  Following *Holcim,* the Court of Appeals applied the current version of KRS 342.730(4) to Adams's award.  In doing so, the Court of Appeals' panel held the amendment did not violate the Contracts Clause of the United

---

[1] 529 S.W.3d 759, 767-69 (Ky. 2017).

[2] *Id.* at 767-69.

[3] 1994 Kentucky Laws Ch. 181 (H.B. 928).

[4] 581 S.W.3d 37 (Ky. 2019).

[5] *Id.* at 44.

States and Kentucky Constitutions. Even though its application substantially reduces Adams's entitlement to benefits, the appellate panel found the General Assembly had a justifiable purpose for enacting the statute and the statute is reasonable. Adams's appeal to this Court followed.

**B. William Dowell**[6]

Dowell sustained two work-related injuries while working for Matthews Contracting. In 2009, he injured his right shoulder, in 2011 he re-injured his right shoulder and knee. He filed for workers' compensation benefits; and the ALJ awarded him permanent total disability benefits but made them subject to the limitations applicable under the 1994 version of KRS 342.730(4) in recognition of the fact that this Court in *Parker* invalidated the 1996 version of the statute. In the interim, the General Assembly enacted the current version of KRS 342.730(4).

Both Dowell and Matthews Contracting appealed to the Board. Dowell argued that he was entitled to a lifetime of benefits because this Court had invalidated the 1996 version of the statute. Matthews Contracting argued Dowell's claim should be remanded to the ALJ for application of the 2018

---

[6] Dowell separately contends that the Court of Appeals erred by failing to approve his motion to add the Attorney General as a party to his appeal in that court. The Court of Appeals correctly rejected the argument, as do we. Under Kentucky Civil Rule of Procedure (CR) 76.25(8), the Attorney General must be notified of appeals raising a constitutional challenge to statute. While not a named party to this appeal, the Attorney General clearly had timely notice of this appeal and the constitutional issues raised, having submitted a brief addressing the constitutionality of the amended statute. See *Cates v. Kroger*, 2020-SC-0275-WC which was rendered the same day as this opinion.

amendment. The Board affirmed the ALJ's award of benefits under the 1994 version of the statute because the 2018 amendment had not yet become effective. Matthews Contracting then appealed to the Court of Appeals.

The Court of Appeals concluded that our holding in *Holcim* confirmed that the 2018 amendments to KRS 342.730(4) applied to Dowell's claim. The Court of Appeals then remanded the case to the ALJ for a new determination of benefits. Dowell appealed to this Court arguing that the 2018 amendment to KRS 342.730 was unconstitutional because it is an ex post facto law that violates the Contracts Clause of the United States and Kentucky Constitutions.

## II. ANALYSIS

### A. The Workers' Compensation Act does not act as a contract between employees and the state or their employer.

Adams and Dowell both argue that applying the current version of KRS 342.730(4) to their claims violates the Contracts Clause of both the United States and Kentucky Constitution. Article 1, Section 10, Clause 2 of the United States Constitution reads:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

Similarly, Section 19 of the Kentucky Constitutions provides, "No ex post facto law, nor any law impairing the obligation of contracts, shall be enacted."

We begin our analysis with the firm understanding that the challenged statute enjoys a "strong presumption of constitutionality."[7] This means a "violation of the Constitution must be clear, complete and unmistakable in order to find the law unconstitutional."[8]

In addressing whether the current version of KRS 342.730(4) impaired a contractual right of Adams, a panel of the Court of Appeals relied on our holding in *Maze v. Board of Directors for Commonwealth Postsecondary Education Prepaid Tuition Trust Fund,*[9] which provides a roadmap for analyzing whether a statute violates the Contracts Clause.[10] Following the *Maze* pattern, the Court of Appeals found the present statute constitutional because while it impaired Adams's benefits, the state was justified in enacting the law.

The appellate panel in Dowell's appeal did not address the Contracts Clause issue but held the 2018 amendment applicable to Dowell's claim based on our holding in *Holcim.* On appeal to this Court, Dowell raises Contracts Clause arguments regarding application of the amended statute to his

---

[7] *Winn v. Ibold, Inc.*, 969 S.W.2d 695, 696 (Ky. 1998).

[8] *Ky. Indus. Util. Customers, Inc. v. Ky. Utils. Co.*, 983 S.W.2d 493, 499 (Ky. 1998).

[9] 559 S.W.3d 354 (Ky. 2018).

[10] *Id.* at 369 ("(1) whether the legislation operates as a substantial impairment of a contractual relationship; (2) if so, then the inquiry turns to whether there is a significant and legitimate public purpose behind the regulation, such as the remedying of a broad and general social or economic problem; and (3) if, as in this case, the government is a party to the contract, we examine 'whether that impairment is nonetheless permissible as a legitimate exercise of the state's sovereign powers,' and we determine if the impairment is 'upon reasonable conditions and of a character appropriate to the public purpose justifying its adoption.'").

compensation claim. We agree with the panels in both appeals that the 2018 amendment to KRS 342.730(4) applies to these claims.

Importantly, we find that a complete Contracts Clause analysis is unnecessary because the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state. Instead, the WCA is a statutory scheme that may be amended as the General Assembly chooses, provided it fits within our constitutional framework. The language in some of our prior precedent may be misleading, and we choose today to clarify that the WCA provides only statutory rights, not contractual ones.

We have referred to the rights provided by the WCA as contractual in the past, but that was oversight.[11] Instead, we find that the benefits an employee may receive following a work-related injury are not a result of a bargained-for exchange following an offer, acceptance, and consideration, but are the result of a statutory scheme intended to provide a form of insurance for Kentucky employees in case of injury. Because the WCA does not form a contract, there are no contractual rights that the amendment to KRS 342.730(4) could infringe; thus, the fundamental premise of a Contracts Clause analysis—the existence of a contract—is absent, and our analysis ends.

---

[11] *See Krahwinkel v. Commonwealth Aluminum Corp.*, 183 S.W.3d 154, 157 (Ky. 2005) ("Workers' compensation coverage is a voluntary contract between employer and employee, the terms of which are defined by the provisions of the Act."); *M.J. Daly Co. v. Varney*, 695 S.W.2d 400, 403 (Ky. 1995) ("In Kentucky, the Workers' Compensation Law is optional or elective in character, rather than compulsory, and the relationship is contractual in nature.").

We join other jurisdictions today and hold that our workers' compensation laws do not create a contract.[12]  We find the current circumstances comparable to those in *Gen. Motors Corp. v. Romein.*[13]   In *Romein,* the United States Supreme Court addressed whether the retroactive application of a Michigan workers' compensation statute violated the federal Contracts Clause.  The statute required employers to reimburse injured employees for amounts that the employers had withheld from workers' compensation benefits based on a previous statute that permitted employers to offset workers' compensation benefits with benefits received from another source.[14]  The employers sued and argued that the new statute impaired their contractual rights under a contract between them and their employees as created by the previous statute.[15]  The Supreme Court disagreed, and held that because the employer and employee did not assent to specific statutory provisions, there was no contract for the Contracts Clause to protect.[16]

The same can be said of the circumstances before us.  Instead of having each employee and employer enter into a contractual arrangement, the workers' compensation system serves as a statutory system that entitles Kentucky workers to benefits if they are injured while working.  Adams and

---

[12] Those states include West Virginia, Nevada, and Michigan.

[13] 503 U.S. 181, 190 (1992).

[14] *Id.* at 184–86.

[15] *Id.* at 186.

[16] *Id.* at 188–190.

Dowell point to no contract or place within the statutory scheme where they are guaranteed certain benefits that were mutually assented to and bargained for.[17]   The rights of those subject to the workers' compensation system are governed by statute and are granted to Kentuckians through statutory enactments.

As of 1972, this statutory scheme requires employers to enroll.[18] Therefore, as in *Romein*, an employer does not bargain with each employee to avoid a lawsuit if the employee is injured while working and guarantee certain payment if injured.  Instead, the employer is required by law to ensure an employee is protected in case of injury by enlisting in the workers' compensation system.  Once an employer is enrolled, its employees may opt in or out of the system.  But that is quite different from an employer "bargaining" with employees to forego lawsuit should they be injured.  Because employers have no choice but to enroll, it cannot be said they have "assented" to specific provisions within the statutory scheme, such as the amendment at issue here. Further, unlike in *Maze* where the plaintiff could ask a court for relief under her contractual rights, here the plaintiffs have filed a claim in an administrative tribunal—not asking for relief under an employment contract— but for benefits granted to them by statute and through their enrollment in the workers' compensation system.

---

[17] *Maze*, 559 S.W.3d at 363 ("Our review requires the interpretation of various KAPT statutory provisions contained in KRS Chapter 164A and contractual provisions contained in the Master Agreement.").

[18] *Davis v. Turner*, 519 S.W.2d 820, 822 (Ky. 1975).

The workers' compensation system is controlled by the state and is governed by legislative enactments. It is not a contract on between employers and their employees. Changes to the relevant statutes, therefore, do not create a Contracts Clause issue. While changes to statutes may result in other constitutional issues, such as a violation of due process or constitute special legislation, a Contracts Clause issue is impossible in this matter because there is simply no contract or contractual right for the statutory amendment to impair.[19]

Additionally, this Court recently held in *Kentucky Employees Retirement System v. Seven Counties Services., Inc.*[20] that a contract should only be found in a statute if there is a "clear indication that the legislature intended that result."[21] We refer to this as the unmistakability doctrine.[22] So for Adams's and Dowell's argument to succeed they must show that the legislature expressly intended to make a contract on behalf of Kentucky employers that binds the state and employees in the workers' compensation system before we can assess whether the 2018 amendment to KRS 342.730(4) infringes on an employee's contractual rights. But we conclude that they have failed to point to language that would suggest that legislature clearly intended a contract.

---

[19] Additionally, this statute has been recently challenged on many constitutional grounds and this Court has found it valid on the issues raised.

[20] 580 S.W.3d 530, 542 (Ky. 2019).

[21] *Id.*

[22] *Id.*

In fact, applying the unmistakability doctrine as applied here further leads us to conclude the legislature did not intend for the WCA to serve as a contract. If we were to interpret the WCA to provide contractual rights, the legislature's hands would be tied in many instances, unable to modify statutes or enact new laws without infringing existing contractual rights. This would not only affect its ability to control the workers' compensation system but would limit its ability to change many areas of state funding. The more logical conclusion is that the legislature did not intend for the WCA to provide contractual rights. We find, then, that the workers' compensation system does not serve as a contract between employees and employers for certain benefits. But instead is a state-created and governed system that provides protection for both Kentucky employers, as required by law, and for those employees who wish to enroll.

## B. Dowell and Adams have no vested right to a certain duration of benefits.

Dowell and Adams argue that applying the new version of KRS 342.730(4) is unconstitutional because they have a vested right to the benefits assigned to them by the ALJ and Workers' Compensation Board. We have also briefly addressed this argument in a companion opinion, also rendered today, *Cates v. Kroger*.[23] We will address it here to clarify that litigants like Adams and Dowell do not have a vested right to certain benefits. While they have a vested right to *some* benefits by statute, they do not have a vested right to

---

[23] *Cates v. Kroger*, 2020-SC-0275-WC.

11

"certain" benefits until their claim for benefits has been determined by final order.

A benefits-recipient's right to compensation becomes fixed and vests on the date of the injury.[24] The right to receive benefits is a substantive issue and the injury date is controlling under substantive law.[25] We have long held "that where a suit has been instituted under a statute giving a cause of action and a right to maintain such action, and once the action has been prosecuted to final judgment, and the rights of the parties fixed, such rights then become vested in the judgment, and thereafter a legislature can pass no law which impairs the validity of the vested right thus obtained."[26] So, Dowell and Adams have a vested, substantive right to litigate their benefits, a right that cannot be taken away by statutes that have since come into existence since filing their claim.[27] But in contrast, their right to a certain duration or amount of benefits has not vested and will not do so until they receive a final decision of their claims. So, the 2018 amendment to KRS 342.730(4) "[does] not create new or take

---

[24] *Schmidt v. South Cent. Bell*, 340 S.W.3d 591, 594 (Ky. App. 2011).

[25] *Louisville Shopping Ctr. Inc. v. City of St. Matthews*, 635 S.W.2d 307, 313 (Ky. 1982) ("A right, in order to be vested (in the constitutional sense) must be more than a mere expectation of future benefits or an interest founded upon an anticipated continuance of existing general laws.") (citing 16B Am. Jur. 2d Constitutional Laws § 669 (2021)).

[26] *City of Paris v. Kentucky Utils. Co.,* 133 S.W.2d.559, 561 (Ky. 1939).

[27] *Id.* ("The Legislature may not, under the guise of an act affecting remedies annul, set aside or impair final judgments obtained before the passage of the Act. A judgment is a vested right of property that the Legislature cannot, by a retroactive law, either destroy or diminish its value in any respect.") (internal citations omitted).

away vested rights" of plaintiffs like Adams and Dowell, and its retroactive application is constitutional.

Because Adams's and Dowell's benefits have not been completely litigated, their potential awards must conform with the changes in the applicable law effective during the litigation process. And in *Holcim* we found that the legislature intended the law to apply to all claims currently pending.[28] So the 2018 amendment applies to Dowell and Adams even though the only issue left to litigate is the effect of the 2018 amendment on the duration of their benefits. While we agree with Adams that the 2018 amendment impairs his benefits award, Adams had no vested right in the outcome of his claim before the ALJ or the Board. As we stated in *Martin v. Warrior Coal, LLC*,[29] the legislature intended for the 2018 amendment of KRS 342.730(4) to apply to all pending appeals, and Adams's appeal was pending when the Court of Appeals ruled. In fact, the case is still not fully litigated.

Likewise, Dowell's benefits claim was decided after we had invalidated the 1996 amendment and the ALJ and the Board resurrected the 1994 version of the statute as applicable to Dowell's claim. By the time Dowell's appeal reached the Court of Appeals, the 2018 amendment had become effective, and

---

[28] *Holcim*, 581 S.W.3d at 42 ("This statute was amended in Section 13 of 2018 Ky. Acts ch. 40 . . . . Subsection (3) of Section 20 of that Act reads, 'Subsection (4) of Section 13 of this Act shall apply prospectively and retroactively to all claims: (a) For which the date of injury or date of last exposure occurred on or after December 12, 1996; and (b) That have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of this Act.'").

[29] 617 S.W.3d. 391, 397-98 (Ky. 2021).

we had determined the statute applied retroactively. So Dowell's benefits were not final then and are not now. Because Dowell's award is still being litigated, we find the 2018 amendment to KRS 342.730(3) controls.

As we stated in *Cates v. Kroger*, "we reiterate our holding in *Holcim* that the legislature intended for the new amendment to apply to all pending appeals with injury dates occurring after December 1996."[30] We are bound by the text of the statute and unless it conflicts with a constitutional provision, we must uphold the laws the legislature has enacted. Neither Adams nor Dowell had a vested right to certain benefits, only a right to some benefits that are to be determined under current law.

### III.   CONCLUSION

For the reasons explained above, we hold that 2018 amendment to KRS 342.730(4) does not violate the Contracts Clause of the Federal or Kentucky Constitutions. We affirm the holdings of the Court of Appeals in both cases.

All sitting. All concur. Nickell, J., concurs by separate opinion.

NICKELL, J., CONCURRING: I concur with the majority's holding but write separately to briefly address what could be seen as an inconsistency in my position in the companion opinion, *Cates v. Kroger*, rendered this same date. In Cates, I dissented in part based on my belief the plain language of CR 73.03(1), as interpreted by *City of Devondale v. Stallings*, 795 S.W.2d 954 (Ky. 1990), required dismissal because of the failure to name the Attorney General in the

---

[30] *Cates v. Kroger*, 2020-SC-0275.

notice of appeal. My vote in this matter should not be read to diminish the position I espoused in *Cates.* Although not fully addressed in the lead opinion, the particular facts of this case do not mandate such a result. Here, Dowell attempted to add the Attorney General as a party in the Court of Appeals. This was following rendition of our decision in *Holcim. Holcim* definitively determined the amended KRS 342.730(4) applied retroactively to pending cases but declined to reach the constitutionality of the amendment. Only then did Dowell have grounds to raise a constitutional challenge. This was nearly eighteen months after filing the petition for review of the Board's decision. The Court of Appeals denied the request, a decision I believe was correct given the circumstances. Our civil rules simply do not contemplate a situation such as the one presented here where the basis of a challenge does not arise until after the notice of appeal has been filed and the time limit for its amendment has long 2 since passed. Dowell had no valid reason to name the Attorney General as a party to this appeal at the time it was initiated. Thus, CR 73.03(1) is inapplicable, and no mechanism exists to add a party to an action after the passage of such a length of time, even if that party is—or has become—ostensibly indispensable. As this situation is likely to recur in the future, perhaps our rules are ripe for amendment.

COUNSEL FOR APPELLANT,
GLORIA DOWELL:

Wayne Charles Daub


COUNSEL FOR APPELLANT,
 TERRY ADAMS:

Charles Phillip Wheeler, Jr.


COUNSEL FOR APPELLEE,
MATTHEWS CONTRACTING:

Douglas Anthony U'Sellis
U'Sellis Mayer & Associates, PSC


COUNSEL FOR APPELLEE,
EXCEL MINING, LLC:

James Gregory Allen
Jones & Walters, PLLC


COUNSEL FOR APPELLEE COMMONWEALTH
OF KENTUCKY EX REL. ATTORNEY GENERAL
DANIEL J. CAMERON:

Stephen Chad Meredith
Matthew Franklin Kuhn
Office of Solicitor General
Office of the Attorney General


ADMINISTRATIVE LAW JUDGES:

Hon. John Barry Coleman
Hon. Chris Davis

WORKERS' COMPENSATION BOARD:
Michael Wayne Alvey

AMICI KENTUCKY CHAMBER OF COMMERCE,
KENTUCKY ASSOCIATION OF COUNTIES,
KENTUCKY COAL ASSOCIATION,
KENTUCKY LEAGUE OF CITIES:

Brent Robert Baughman
Kyle W. Miller
R. Clay Larkin
Dentons Bingham Greenbaum LLP