# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 16, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0341-WC

JERRY MULLINS                                                                 APPELLANT


                          ON APPEAL FROM COURT OF APPEALS
V.                               NO. 2018-CA-0644
                    WORKERS' COMPENSATION BOARD NO. WC-15-89349


PUBLISHERS PRINTING COMPANY, LLC;                              APPELLEES
HONORABLE TANYA PULLIN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

## I. BACKGROUND

Jerry Mullins worked for Publishers Printing Company when he sustained a work-related injury on March 11, 2015. Mullins was standing on the ground pulling an empty pallet down from the top of a full pallet when his right arm slid off the pallet and his arm was caught. Mullins did not return to his same job for Publishers Printing after the accident and eventually had surgery on his arm.

The Workers' Compensation Administrative Law Judge (ALJ) awarded Mullins permanent partial disability subject to the limitations of KRS 342.730(4). Mullins appealed to the Workers' Compensation Board, which

vacated the ALJ's award in part and remanded the claim, instructing her to recalculate Mullins's award based on the "tier down" provisions contained in the 1994 version of KRS 342.730(4).

Mullins appealed the Board's decision to the Court of Appeals, arguing, among other things, that the newly-amended version of KRS 342.730(4) is unconstitutional as written and as applied. The Court of Appeals held the statute was constitutional and remanded to the ALJ for a clarification of the length of the award. Mullins now appeals to this Court arguing the statute is unconstitutional on equal protection and contracts clause grounds. We also affirm.

## II. ANALYSIS

KRS 342.730(4) concerns the termination of workers' compensation benefits. In *Parker v. Webster Cnty. Coal, LLC (Dotiki Mine),* 529 S.W.3d 759 (Ky. 2017), this Court found the then-current 1996 version of KRS 342.730(4) unconstitutional on equal protection grounds. The 1996 version of the statute tied the termination of workers' compensation benefits to the time at which the employee qualified for old-age Social Security benefits. This Court held this was an arbitrary distinction with no rational relation to a legitimate state interest. *Id.*

In *Holcim v. Swinford,* 581 S.W.3d 37 (Ky. 2019), this Court considered whether a 2018 version of KRS 342.730(4) could be applied retroactively. Quoting a Legislative Research Commission comment beneath the statute, we held in *Holcim* that the amendment "applies to those cases which 'have not

2

been fully and finally adjudicated, or are in the *appellate* process, or for which time to file an appeal [h]as not lapsed, as of the effective date of this Act.'" *Id.* at 44.

Whereas the pre-*Parker* version of KRS 342.730(4) linked workers' compensation benefit termination to the time at which the worker qualified for old-age Social Security benefits (and thereby violated an individual's right to equal protection under the law by arbitrarily treating similarly-situated individuals differently), the 2018 version of the statutory subsection links the termination of benefits to the injured employee attaining a particular age. Under the amendment, a claimant's benefits terminate on his or her seventieth birthday or four years after his or her work injury or exposure, whichever occurs later. Mullins argues this statute is constitutionally infirm as it violates his right to equal protection and the contracts clauses of the federal and state constitutions.

### A. Equal Protection

Mullins first argues the amendment to KRS 342.730(4) and its retroactive application violate his rights to equal protection under the law, as guaranteed by the United States and Kentucky Constitutions. While he does not specify the disparate treatment he claims as the basis for his argument or identify a class of workers facing alleged discrimination, we assume Mullins is asserting the amendment denies his equal protection rights by treating older injured workers and younger injured workers differently.

The 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution contain the respective federal and state equal protection clauses. Their "goal . . . is to 'keep[ ] governmental decision makers from treating differently persons who are in all relevant respects alike.'" *Vision Mining, Inc. v. Gardner,* 364 S.W.3d 455, 465 (Ky. 2011) (quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992)). Because "[w]orkers' compensation statutes concern matters of social and economic policy," if a rational basis or substantial and justifiable reason supports the classifications they create, we must uphold it. *Id.* at 466 (citing *Cain v. Lodestar Energy, Inc.,* 302 S.W.3d 39, 42 (Ky. 2009)). "In sum, we will uphold the age limitation here so long as it rationally relates to a legitimate state objective." *Cates v. Kroger,* 627 S.W.3d 864, 870 (Ky. 2021).

As this Court has stated, "acts of the legislature carry a strong presumption of constitutionality." *Wynn v. Ibold, Inc.,* 969 S.W.2d 695, 696 (Ky. 1998). "Doubts regarding constitutionality must be resolved in favor of upholding the law." *Cates,* 627 S.W.3d at 870. Furthermore, "the principle of reducing workers' compensation benefits at an age when workers typically become eligible for alternative forms of income replacement is not new to Kentucky." *Wynn,* 969 S.W.2d at 696.

We took up the constitutionality of the 2018 amendment to KRS 342.730(4) in *Cates,* 627 S.W.3d at 871, holding, "the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age

4

classification is rationally related to a legitimate state purpose." We do not depart from that recent holding today.

As this Court held in *Parker*, "[t]he rational bases for treating younger and older workers differently [are]: (1) it prevents duplication of benefits; and (2) it results in savings for the workers' compensation system." 529 S.W.3d at 768. Four years later, we stated, "we remain convinced that preventing a duplication of wage-loss protection programs and promoting the solvency of the workers' compensation system are legitimate state interests." *Cates*, 627 S.W.3d at 870. Again, today, we hold the statute passes the rational basis test as it "treats alike all those who receive workers' compensation benefits." *Id.* at 871.

Mullins argues that even if the statutory amendment were constitutional on equal protection grounds (as we have held), it is unconstitutional to apply the statute retroactively to his claim, as his injury occurred before the effective date of the amendment. However, "[t]he legislature 'may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative.'" *Id.* (quoting *Bank Markazi v. Peterson*, 578 U.S. 212 (2016)). Here, this Court declared one version of the statutory subsection unconstitutional and the legislature passed a new subsection, providing for retroactive effect—and the legislature was within constitutional bounds in so doing.

## B. Contracts Clause

In addition to his equal protection claim, Mullins argues the retroactive application of KRS 342.730(4) denies his rights under the contracts clauses of the federal and state constitutions. Both the Constitution of the United States and the Kentucky Constitution protect citizens of our Commonwealth from the state's infringement on their right to contract. Article 1, Section 10, Clause 2 of the United States Constitution reads, in pertinent part, "[n]o State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . ." Likewise, Section 19 of the Kentucky Constitution provides, "[n]o ex post facto law, nor any law impairing the obligation of contracts, shall be enacted." Mullins argues KRS 342.730(4) violates these contracts clauses.

In *Dowell v. Matthews Contracting*, 627 S.W.3d 890, 895 (Ky. 2021), this Court stated if "the fundamental premise of a Contracts Clause analysis—the existence of a contract—is absent . . . our analysis ends." *See Gen. Motors Corp. v. Romein*, 503 U.S. 181, 190 (1992) (holding Contracts Clause inapplicable because the employer and employee did not assent to specific statutory terms). Therefore, we must first determine whether a contract exists in this case.

Mullins "point[s] to no contract or place within the statutory scheme where [he is] guaranteed certain benefits that were mutually assented to and bargained for." *Dowell*, 627 S.W.3d at 895. This Court has held "the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state." *Id.* at 894. Rather than providing

contractual rights, we explained, "the WCA is a statutory scheme that may be amended as the General Assembly chooses, provided it fits within our constitutional framework." *Id.* at 894–95. "The workers' compensation system is controlled by the state and is governed by legislative enactments. It is not a contract . . . between employers and their employees. Changes to the relevant statutes, therefore, do not create a Contracts Clause issue." *Id.* at 896.

Since the Workers' Compensation Act does not constitute a contract, "a complete Contracts Clause analysis is unnecessary." *Id.* at 894. The protections of the clauses simply do not apply. "Because the WCA does not form a contract, there are no contractual rights that the amendment to KRS 342.730(4) could infringe." *Id.* at 895. Just as in *Dowell,* we hold there was no contracts clause violation.

### III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals and remand to the ALJ. On remand, the ALJ should specify the time at which Mullins's benefits will terminate pursuant to KRS 342.730(4).

All sitting. All concur.

COUNSEL FOR APPELLANT:

Stephanie N. Wolfinbarger
Cotton Wolfinbarger & Associates, PLLC


COUNSEL FOR APPELLEE:

Joseph C. Klausing
Priscilla C. Page
Brent E. Dye
O'Bryan, Brown, & Toner, PLLC


ADMINISTRATIVE LAW JUDGE:

Hon. Tanya G. Pullin


WORKERS' COMPENSATION BOARD:

Michael W. Alvey
Chairman