# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 16, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0328-WC

BETTY MASSEY                                        APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                  NO. 2020-CA-0440
WORKERS' COMPENSATION BOARD
NO. WC-16-85160

PACCAR D/B/A DYNACRAFT;                          APPELLEES
COMMONWEALTH OF KENTUCKY, EX
REL. DANIEL CAMERON, ATTORNEY
GENERAL; HONORABLE JONATHAN R.
WEATHERBY, ADMINISTRATIVE LAW
JUDGE; AND WORKERS' COMPENSATION
BOARD

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

**I. BACKGROUND**

Betty Massey was an Operation Specialist for Dynacraft, where she made hoses for over-the-road trucks at the company's factory. Massey had worked for Dynacraft for a decade when she tripped over a skid while carrying a box at the factory on March 15, 2016. Massey was sixty-nine years old at the time of her injury. When she fell, Massey landed on her back on the concrete floor, resulting in immediate pain in her back and radiating pain down her hip and

leg. As a result of her injuries, Massey had back surgery and never returned to work for Dynacraft.

The Workers' Compensation Administrative Law Judge (ALJ) awarded Massey permanent partial disability benefits, which "shall be terminated in accordance with KRS 342.730(4) such that all benefits shall terminate four years after [her] date of injury." Massey appealed the termination of her benefits after four years to the Workers' Compensation Board, arguing the newly-amended KRS 342.730(4) denied her of equal protection under the law in violation of the federal and state constitutions and that the statute denied her rights under the contracts clauses of both constitutions. The Board affirmed the ALJ, noting it could not determine the constitutionality of a statute. Massey appealed the Board's opinion to the Court of Appeals, which also affirmed. The Court of Appeals held the statute passed constitutional muster. Massey now appeals to this Court, raising the same arguments. For the following reasons, we affirm.

## II. ANALYSIS

KRS 342.730(4) concerns the termination of workers' compensation benefits. In *Parker v. Webster Cnty. Coal, LLC (Dotiki Mine),* 529 S.W.3d 759 (Ky. 2017), this Court found the then-current 1996 version of KRS 342.730(4) unconstitutional on equal protection grounds. The 1996 version of the statute tied the termination of workers' compensation benefits to the time at which the employee qualified for old-age Social Security benefits. This Court held this

2

was an arbitrary distinction with no rational relation to a legitimate state interest. *Id.*

In *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), this Court considered whether a newly-amended 2018 version of KRS 342.730(4) could be applied retroactively. Quoting a Legislative Research Commission comment beneath the statute, we held in *Holcim* the amendment "applies to those cases which 'have not been fully and finally adjudicated, or are in the *appellate* process, or for which time to file an appeal [h]as not lapsed, as of the effective date of this Act.'" *Id.* at 44.

Whereas the pre-*Parker* version of KRS 342.730(4) linked workers' compensation benefit termination to the time at which the worker qualified for old-age Social Security benefits (and thereby violated an individual's right to equal protection under the law by arbitrarily treating similarly-situated individuals differently), the 2018 version of the statutory subsection links the termination of benefits to the injured employee attaining a particular age. Under the amendment, a claimant's benefits terminate on his or her seventieth birthday or four years after his or her work injury or last injurious exposure, whichever occurs later. Massey argues this statute is constitutionally infirm as it violates her right to equal protection and the contracts clauses of the federal and state constitutions.

## A. Equal Protection

Massey first argues the amendment to KRS 342.730(4) and its retroactive application violate her rights to equal protection under the law, as guaranteed

by the United States and Kentucky Constitutions. While she does not specify the disparate treatment she claims as the basis for her argument or identify a class of workers facing discrimination, we assume Massey is asserting the amendment denies her equal protection rights by treating older injured workers and younger injured workers differently.

The 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution contain the respective federal and state equal protection clauses. Their "goal . . . is to 'keep[ ] governmental decision makers from treating differently persons who are in all relevant respects alike.'" *Vision Mining, Inc. v. Gardner*, 364 S.W.3d 455, 465 (Ky. 2011) (quoting *Nordlinger v. Hahn,* 505 U.S. 1, 10 (1992)). Because "[w]orkers' compensation statutes concern matters of social and economic policy," if a rational basis or substantial and justifiable reason supports the classifications they create, we must uphold it. *Id.* at 466 (citing *Cain v. Lodestar Energy, Inc.,* 302 S.W.3d 39, 42 (Ky. 2009)). "In sum, we will uphold the age limitation here so long as it rationally relates to a legitimate state objective." *Cates v. Kroger*, 627 S.W.3d 864, 870 (Ky. 2021).

As this Court has stated, "acts of the legislature carry a strong presumption of constitutionality." *Wynn v. Ibold, Inc.*, 969 S.W.2d 695, 696 (Ky. 1998). "Doubts regarding constitutionality must be resolved in favor of upholding the law." *Cates*, 627 S.W.3d at 870. Furthermore, "the principle of reducing workers' compensation benefits at an age when workers typically

4

become eligible for alternative forms of income replacement is not new to Kentucky." *Wynn*, 969 S.W.2d at 696.

We took up the constitutionality of the 2018 amendment to KRS 342.730(4) in *Cates*, 627 S.W.3d at 871, holding, "the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose." We do not depart from that recent holding today.

As this Court held in *Parker*, "[t]he rational bases for treating younger and older workers differently [are]: (1) it prevents duplication of benefits; and (2) it results in savings for the workers' compensation system." 529 S.W.3d at 768. Four years later, we stated, "we remain convinced that preventing a duplication of wage-loss protection programs and promoting the solvency of the workers' compensation system are legitimate state interests." *Cates*, 627 S.W.3d at 870. Again, today, we hold the statute passes the rational basis test as it "treats alike all those who receive workers' compensation benefits." *Id.* at 871.

Massey argues that even if the statutory amendment were constitutional on equal protection grounds (as we have held), it is unconstitutional to apply the statute retroactively to her claim, as her injury occurred before the effective date of the amendment. However, "[t]he legislature 'may amend the law and make the change applicable to pending cases, even when the amendment is outcome determinative.'" *Id.* (quoting *Bank Markazi v. Peterson*, 578 U.S. 212 (2016)). Here, this Court declared one version of the statutory subsection

unconstitutional and the legislature passed a new subsection, providing for retroactive effect—and the legislature was within constitutional bounds in so doing.

## B. Contracts Clause

In addition to her equal protection claim, Massey argues the retroactive application of KRS 342.730(4) denies her rights under the contracts clauses of the federal and state constitutions. Both the Constitution of the United States and the Kentucky Constitution protect citizens of our Commonwealth from the state's infringement on their right to contract. Article 1, Section 10, Clause 2 of the United States Constitution reads, in pertinent part, "[n]o State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . ." Likewise, Section 19 of the Kentucky Constitution provides, "[n]o ex post facto law, nor any law impairing the obligation of contracts, shall be enacted." Massey argues KRS 342.730(4) violates these contracts clauses.

In *Dowell v. Matthews Contracting*, 627 S.W.3d 890, 895 (Ky. 2021), this Court stated if "the fundamental premise of a Contracts Clause analysis—the existence of a contract—is absent . . . our analysis ends." *See Gen. Motors Corp. v. Romein*, 503 U.S. 181, 190 (1992) (holding Contracts Clause inapplicable because the employer and employee did not assent to specific statutory terms). Therefore, we must first determine whether a contract exists in this case.

Massey "point[s] to no contract or place within the statutory scheme where [she is] guaranteed certain benefits that were mutually assented to and

6

bargained for." *Dowell,* 627 S.W.3d at 895. This Court has held "the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state." *Id.* at 894. Rather than providing contractual rights, we explained, "the WCA is a statutory scheme that may be amended as the General Assembly chooses, provided it fits within our constitutional framework." *Id.* at 894–95. "The workers' compensation system is controlled by the state and is governed by legislative enactments. It is not a contract . . . between employers and their employees. Changes to the relevant statutes, therefore, do not create a Contracts Clause issue." *Id.* at 896.

Since the Workers' Compensation Act does not constitute a contract, "a complete Contracts Clause analysis is unnecessary." *Id.* at 894. The protections of the clauses simply do not apply. "Because the WCA does not form a contract, there are no contractual rights that the amendment to KRS 342.730(4) could infringe." *Id.* at 895. Just as in *Dowell,* we hold there was no contracts clause violation.

### III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals.

All sitting. All concur.

7

COUNSEL FOR APPELLANT:

Stephanie N. Wolfinbarger
Cotton Wolfinbarger & Associates, PLLC


COUNSEL FOR APPELLEE, PACCAR D/B/A DYNACRAFT:

Joel W. Aubrey
Pohl & Aubrey, P.S.C.


COUNSEL FOR APPELLEE, COMMONWEALTH OF KENTUCKY, EX REL.
DANIEL CAMERON, ATTORNEY GENERAL:

S. Chad Meredith
Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera


ADMINISTRATIVE LAW JUDGE:

Hon. Jonathan R. Weatherby


WORKERS' COMPENSATION BOARD:

Michael W. Alvey
Chairman