RENDERED: APRIL 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0701-WC

LEE HOWARD                                APPELLANT

                       PETITION FOR REVIEW OF A DECISION
v.                  OF THE WORKERS' COMPENSATION BOARD
         ACTION NOS. WC-19-00183, WC-17-92247, AND WC-17-76944

STERICYCLE, INC.; DANIEL CAMERON,
ATTORNEY GENERAL;
HONORABLE JOHN B. COLEMAN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

MAZE, JUDGE: Lee Howard (Appellant) appeals from an opinion of the

Workers' Compensation Board (the Board) entered on April 24, 2020, affirming

the benefits awarded by the administrative law judge (ALJ). As the constitutional

challenges posited by Appellant have recently been rejected by the Kentucky

Supreme Court, we affirm the opinion of the Board.

Appellant was in his sixties when he sustained work-related injuries on February 23, 2017, and June 22, 2017, while employed by Stericycle, Inc. (Appellee). He filed for workers' compensation benefits and on December 13, 2019, an opinion, award, and order was entered as to injuries of the right and left shoulders and denied as to his claim of cumulative trauma. He appealed the ALJ's order to the Workers' Compensation Board, arguing that the 2018 amendment to KRS[1] 342.730 (4), terminating his benefits at the age of 70, as well as its retroactive application were unconstitutional. Although the Board affirmed the ALJ's order, it stated that it was without jurisdiction to reach a decision on the issue of constitutionality.

This appeal followed, in which Appellant claims that KRS 342.730 (4) and its retroactive application constitute violations of the Equal Protection and Contracts Clauses of the United States and Kentucky Constitutions. However, at the request of the Kentucky Attorney General, this Court held the matter in abeyance pending decisions of the Kentucky Supreme Court in *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), and *Dowell v. Matthews Contracting*, 627 S.W.3d 890 (Ky. 2021). Following the rendition of those opinions, the parties were permitted additional time in which to file supplemental briefs. While supplemental briefs were filed on behalf of Appellee and on behalf of the Attorney General, no

---

[1] Kentucky Revised Statutes.

additional materials were filed on behalf of Appellant. As the Court finds that the *Cates* and *Dowell* cases are dispositive of the issues presented by Appellant, we affirm.

The version of KRS 342.730(4) applied by the ALJ and relied upon by the Board became effective on July 14, 2018. It states that:

> All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

Subsection (3) of Section 20 of 2018 Ky. Acts ch. 40 specifically states that the foregoing "shall apply prospectively and retroactively to all claims: (a) [f]or which the date of injury or date of last exposure occurred on or after December 12, 1996; and (b) that have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal has not lapsed, as of the effective date of this Act." This subsection was not codified as part of the Kentucky Revised Statutes.

In *Wynn v. Ibold, Inc.*, 969 S.W.2d 695, 696 (Ky. 1998), a workers' compensation claimant challenged a 1994 age-related reduction in benefits as unconstitutional. On appeal, the Court recognized that "acts of the legislature

carry a strong presumption of constitutionality and that the principle of reducing workers' compensation benefits at an age when workers typically become eligible for alternative forms of income replacement is not new to Kentucky." The Court stated that "[a] statute involving the regulation of economic matters or matters of social welfare comports with both due process and equal protection requirements if it is rationally related to a legitimate state objective." *Id.* In affirming the decisions of the lower courts, the Court concluded that "avoiding a duplication of income benefits is a legitimate state objective and sound public policy." *Id*. at 697. Therefore, this rational relationship test has been adopted as the appropriate level of scrutiny in constitutional challenges involving workers' compensation claims.

In *Parker v. Webster County Coal, LLC (Dotiki Mine)*, 529 S.W.3d 759 (Ky. 2017), the Court applied this test in determining that the 1996 version of the statute (in effect at the time of Appellant's injury) treating older workers who are eligible for Social Security differently than those who do not constituted an equal protection violation pursuant to the 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution. The Court reversed the decisions of the lower courts and invalidated the 1996 version of the statute. The General Assembly then enacted the 2018 version that is at the heart of this appeal.

Later, in *Holcim v. Swinford*, 581 S.W.3d 37, 44 (Ky. 2019), the Court addressed the issue of statutory retroactivity specifically as applied to KRS 342.730(4). The Court concluded that the Legislative Research Commission was not required to codify the retroactivity provision of the Act since it was "temporary," because "once cases arising during that time frame are fully adjudicated, it will be unnecessary." 581 S.W.3d at 44.

Most recently, in *Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021), the appellant challenged the constitutionality of the statute as amended in 2018 as well as its retroactivity. The Court applied the rational basis standard and found that the classification based on age as set forth in the statute furthers a matter of "social and economic policy" because it prevents "a duplication of income benefits." *See Wynn*, 969 S.W.2d at 696.

Additionally, the Court found that the General Assembly's decision to make the amendment retroactive was not an arbitrary one. The Court concluded that, "[b]ecause the 1996 version had been invalidated and a new version enacted, the General Assembly was left to decide if pending claims would be governed by the 1994 version of the statute – a statute that had not been in effect for over 20 years – or to allow for current claims to be decided under the new amendment. The legislative body apparently chose the latter, and that choice was its prerogative." *Cates*, 627 S.W.3d at 871-72.

-5-

In *Dowell v. Matthews Contracting*, 627 S.W.3d 890, 894 (Ky. 2021), the Court addressed the Appellant's second argument herein, whether the application of the 2018 version of KRS 342.730(4) violates the Contracts Clause of the United States and Kentucky Constitutions. In Article 1, Section 10, Clause 1, the former provides that:

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

Section 19 of the Kentucky Constitution states that "[n]o ex post facto law, nor any law impairing the obligation of contracts, shall be enacted." In *Dowell*, the Court found that "a complete Contracts Clause analysis is unnecessary because the Workers' Compensation Act (WCA) does not constitute a contract between Kentucky workers and their employers or the state." 627 S.W.3d at 894. The Court concluded that "the benefits an employee may receive following a work-related injury are not a result of a bargained-for exchange following an offer, acceptance, and consideration, but are the result of a statutory scheme intended to provide a form of insurance for Kentucky employees in case of injury. Because the WCA does not form a contract, there are no contractual rights that the amendment to KRS 342.730(4) could infringe; thus, the fundamental premise of a

-6-

Contracts Clause analysis – the existence of a contract – is absent, and our analysis ends." *Id.* at 895.

Accordingly, we affirm the opinion of the Workers' Compensation Board.

ALL CONCUR.

BRIEF FOR APPELLANT:

Stephanie N. Wolfinbarger
Louisville, Kentucky

BRIEF FOR APPELLEE
STERICYCLE, INC.:

Jo Alice Van Nagell
Ryan D. Thompson
Brian W. Davidson
Lexington, Kentucky

BRIEF FOR APPELLEE DANIEL
CAMERON, ATTORNEY
GENERAL:

Daniel J. Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Brett R. Nolan
Alexander Y. Magera
Frankfort, Kentucky